Ed EISEMANN, Appellant,

v.

Ike EMMONS et ux., Appellees.

No. 4018.

Court of Civil Appeals of Texas.

Eastland.

Dec. 17, 1965.

Rehearing Denied Feb. 25, 1966.

Peter S. Navarro, Jr., Houston, for appellant.

Cattanach, Capps, Turner, Coe, Reardon, Chaney & Thorne, Glenn Chaney and Robert A. Cattanach, Houston, for appellees.

COLLINGS, Justice.

Ike Emmons and wife Opal Emmons brought suit against Ed Eisemann and George Asaf for the conversion of certain equipment alleged to be the personal property of plaintiffs located at the Alibi Bar in Houston. The case was tried before a jury which found that the defendant Asaf did not convert the property in question, but that Eisemann did convert such property and equipment, and that the market value of the equipment at the time of the conversion was $2500.00. Based upon the verdict, judgment was rendered against Eisemann for $2500.00. An additional sum of $536.55 as interest from the time of the conversion to the date of the trial was awarded plaintiffs. Eisemann has appealed.

Appellant Eisemann urges points contending, in effect, that the court erred in not granting his motion for new trial, (1) because the verdict upon which the judgment is predicated was not supported by the evidence, (2) because the verdict and the judgment awarding appellees damages in the sum of $2500.00 was not supported by the evidence, was against the great weight and preponderance of the evidence, and was grossly excessive and manifestly unreasonable, (3) that the court erred in awarding appellees judgment for interest from the date of the alleged conversion to the time of the trial because appellant contends the question of appellees' right to such interest involves a fact question for the jury and not one to be determined by the court after a jury trial in which no finding was made thereon.

▮ Appellees urge that appellant's first point of error is too broad and general for consideration; that it was not specifically set out in appellant's motion for a new

trial and cannot be raised for the first time on an appeal and that it must therefore be considered as waived. Regardless of the correctness of appellees' contention in this respect appellant's first point is not well taken because the finding of the jury to the effect that appellant converted the property in question is supported by the evidence, and such finding is not against the great weight and preponderance of the evidence. The evidence shows that the Emmons purchased the equipment together with the Alibi Bar fron George Asaf; that the equipment and such bar were located in a building in Houston, the leasing of which was controlled by appellant Eisemann; that on or about October 1, 1961, when the bar was closed because of the illness of Emmons, Eisemann changed the locks on the bar doors thereby preventing the Emmons from removing their equipment and depriving them of the possession and control thereof; that thereafter Eisemann leased the building together with appellees' equipment to George Asaf who thereupon began the operation of the bar and the use of such equipment. This evidence supports the conclusion that appellant made an unauthorized disposition of appellees' equipment "with the intention of transferring a proprietary interest therein" to another. Such action by appellant constituted a conversion of the equipment. Lang v. Harwood, Tex.Civ.App., 145 S.W.2d 945; Wutke v. Yolton, Tex.Civ.App., 71 S.W.2d 549. The evidence further shows that appellees demanded the return of their property which was refused. The evidence supports the finding that Eisemann converted appellees' equipment and such finding is not against the great weight and preponderance of the evidence. Appellant's first point is overruled.

▮ Appellant's second point urges, in effect, that the finding of the jury that the value of appellees' equipment at the time of the alleged conversion by appellant was $2500.00 was not supported by the evidence but was grossly excessive and against the great weight and preponderance

of the evidence. This point is also overruled. There was a conflict in the evidence concerning the value of appellees' equipment at the time of the conversion. Appellee, Ike Emmons, testified that the value of the equipment at that time was $5,000.00; that he had paid Asaf that amount for the equipment and the bar a few months prior to the conversion, and that the condition of the property at the time of the conversion was the same as when it was purchased from Asaf. George Asaf testified that the value of such equipment was "Five hundred to a thousand". The jury found that the value was $2500.00. Generally, where there is a conflict in the evidence concerning the value of property, the finding of the jury should not be disturbed. Page v. Layne-Texas Co., Tex.Civ. App., 258 S.W.2d 366, (Dism.Agr.). The finding of the jury concerning the value of the equipment was, in our opinion, amply supported by the evidence and was not grossly excessive. The question of the great weight and preponderance of the evidence in regard to the value of the equipment as urged in appellant's brief was not set out in appellant's motion for new trial and appellees contend should not be considered. In any event the point is not well taken. The evidence does show that appellees' purchase of the equipment from Asaf for $5,000.00 included the Alibi Bar and the good will of such business establishment. However, a consideration of the record as a whole shows that the finding of the jury concerning the value of the equipment at the time of the conversion is not against the great weight and preponderance of the evidence.

 Appellant's third point complaining of the action of the court in awarding appellees judgment for interest from the date of the conversion to the time of the trial is likewise not well taken. It is true, as contended by appellant, that there was no jury finding concerning interest. The controlling question, however, is whether it is within the trial court's province to award interest from the time of the con-

version of property to the date of the trial as part of the damages. The rule in such cases is that where a plaintiff has established the right to recover damages for conversion of property he is entitled to legal interest as a part of his damages, if pleaded. Appellees' prayer for damages included a plea for legal interest from the conversion to the time of the trial. 14 Tex.Jur.2d page 35; Texas Power Corp. v. Kuehler, (Tex.Com.App.) 52 S.W.2d 76; 17 Tex.Jur.2d 105; 96 A.L.R. 18, 36 A.L. R.2d 337. Appellant's third point is overruled.

The judgment is affirmed.