**Ki Yendra Arayan VILLERY,**
**Appellant,**

v.

**Shrunda Love SOLOMON, Appellee.**

**No. 01–99–00932–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 30, 2000.

Robert Bailey, Houston, for appellant.

Russell G. Burwell, Texas City, for appellee.

Panel consists of Justices MIRABAL, WILSON, and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

Appellant, Ki Yendra Arayan Villery, appeals the final judgment of the trial court determining the heirs of her father, the decedent, C.K. Villery (Villery), to in-

clude appellee, Shrunda Love Solomon, as the daughter of the decedent. We affirm.

## BACKGROUND

C.K. Villery and Ada (sometimes spelled Aida) Love had a son, Calvin, in November 1968.[1] In August 1971, Ada Love had a daughter, Shrunda. Villery met Janis Williams sometime in 1971, and they were married in 1974. Their daughter, Ki Yendra Villery, was born in January 1975. C.K. Villery died intestate in 1991, and in 1995, Calvin Love and his sister, Shrunda Love Solomon, filed an application to determine heirship of the decedent.

Although Janis Villery and Ki Yendra Villery initially denied that both Calvin Love and Shrunda Solomon were the children of Villery, Ki Yendra Villery testified at trial that Calvin Love was her brother, and she does not contest the trial court's finding that Calvin is the son and heir of Villery. However, she does challenge the trial court's finding that Shrunda is the daughter and heir of Villery.

## DISCUSSION

■ In her first point of error, appellant contends the trial court erred in declaring Shrunda Love Solomon to be the heir of the decedent, C.K. Villery, as the same was not proved by clear and convincing evidence. In her second point of error, appellant contends the trial court erred in refusing to make the presumptions needed in order to give effect to the DNA test report. We construe appellant's complaint to be that the evidence was factually insufficient to support the trial court's finding that Shrunda Love Solomon proved by clear and convincing evidence that she was the biological child of C.K. Villery.

The Probate Code provides that, for the purpose of paternal inheritance,

A person claiming to be a biological child of the decedent, who is not otherwise presumed to be a child of the decedent, may petition the probate court for a determination of right of inheritance. If the court finds by clear and convincing evidence that the purported father was the biological father of the child, the child is treated as any other child of the decedent for the purpose of inheritance. . . .

TEX. PROBATE CODE ANN. § 42(b) (Vernon Supp.2000).

■ The clear and convincing standard is the degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be proved. *In the Interest of G.M.*, 596 S.W.2d 846, 847 (Tex. 1980); *In the Interest of J.N.R.*, 982 S.W.2d 137, 141 (Tex.App.—Houston [1st Dist.] 1998, no pet.). On appeal, in evaluating the sufficiency of the evidence to support the judgment, the standard of review is not affected by the heightened burden of proof required in the trial court. *J.N.R.*, 982 S.W.2d at 142. Therefore, to review the factual sufficiency of the evidence when the standard of proof is clear and convincing, we apply the usual factual sufficiency standard of review. *See Meadows v. Green*, 524 S.W.2d 509, 510 (Tex. 1975). We will set aside the judgment only if the evidence is so weak or the finding so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *J.N.R.*, 982 S.W.2d at 143.

Ada Love testified that she grew up next door to C.K. Villery and that she had two children by him: Calvin Love and Shrunda Love. She testified that Villery came to see her and the children and acknowledged Shrunda as his child; he sent her money as child support; he wanted to change their names to his; and she

---

1. C.K. Villery and Ada Love were never married. Ada testified that her relationship with Villery continued until he married Janis, and that during that time, she did not have a relationship with any other man. She also testified that she and Villery spoke on the telephone three to four times a week up until his death.

continued to talk to him weekly until his death. She testified that she had a third child by another man after her relationship with Villery ended and he married Janis Villery.

Calvin Love, born November 12, 1968, testified that he visited regularly with his father. He also testified Villery acknowledged that Shrunda was his daughter and was upset that he was not closer to her. Calvin identified Villery's memorial service program, which listed appellant, Calvin Love, and Shrunda Love as Villery's children. He also identified a photograph showing appellant, Calvin, and Shrunda among other family members at a funeral.

Shrunda Love Solomon testified that she had known that Villery was her father from the time she was born. She testified that she did not see her father as much as Calvin and only went to gatherings that required her attendance because she did not get along well with appellant and Janis Villery.[2] She testified that she knew Villery's sisters as her aunts and was introduced as Villery's daughter. She said Villery sent her cards and money, and, later, helped pay her rent and sent her money to help with her baby, his grandson.

Verma Williams, Villery's aunt, testified by deposition that Villery grew up in her household. She said that Villery told her that Calvin and Shrunda Love were his children. She testified that she knew the children's mother, Ada Love. She said that Villery brought Calvin to visit more than Shrunda because Shrunda did not like Villery's wife, Janis, and was not treated well by her.

Helen Moses, Villery's sister, testified by deposition that she knew Calvin Love and Shrunda Love and their mother, Ada. She testified that Villery told her that Shrunda was his daughter and that she never had any reason to believe that Shrunda was not his child.

Jennifer Dismuke, another of Villery's sisters, testified by deposition that Villery told her Calvin Love was his son and Shrunda Love was his daughter. She said there was no doubt about this in her mind.

Appellant testified that Calvin Love is her brother. She said she knew Shrunda because she and her father would pick her up when they picked up Calvin. She testified that she did not exactly know, but she assumed that Shrunda was her sister, and her Aunt Jennifer said the family felt that Shrunda was Villery's daughter. She testified that she and her mother would go clothes shopping with both Calvin and Shrunda. She knew that Villery gave Shrunda money. She testified that, on one occasion, Villery told her that Shrunda's mother said Shrunda was his daughter and he took her at her word, but that he did not know. In her presence, he introduced Calvin and Shrunda to third parties as "my son, Calvin, and his sister, Shrunda."

Appellant called several witnesses who had known Villery. Ken Poe, a business associate of Villery's, testified that he had seen a picture of Calvin and was told by Villery that Calvin was his son, but Poe did not know Shrunda. Clementine Allen, who attended Lamar University with Villery, knew of Calvin but did not know of Shrunda. She had been told by Verma Williams that Shrunda was Villery's daughter. Lawon Boatner, a friend from Villery's childhood, knew Calvin but did not know Calvin's mother. Otis Fields, a friend and former neighbor of Villery's, knew Calvin but was never told who Calvin's mother was. He never had any discussions with Villery's sisters or aunt about Villery's children.

Franceda Williams, Janis Villery's mother, testified that Janis and Villery met in 1971 and married in 1974. She said that during the time Villery was dating Janis, he would bring Calvin with him to her house. She did not know who Calvin's mother was or where Calvin was living.

---

2. Janis Villery died in 1997 prior to trial.

Grethan Barnes, Janis Villery's sister, testified that Villery told them that Calvin was his son, but he never said he had other children. She testified that she saw Shrunda once at the Villery home and asked Villery about her. He replied, "That's Calvin's sister.... I just bring her with me when I pick Calvin up so she don't feel left out." She testified that she was surprised to learn recently that Calvin had another sister because she understood that Villery was bringing Shrunda over with Calvin so she wouldn't feel left out. Barnes also testified that Janis mentioned buying school clothes for Calvin and Shrunda.

In her response to requests for admissions, Janis Villery admitted that Shrunda had spent the night at the Villery home while she was a minor.

***The DNA Report***

A report of DNA tests on Ada Love, Calvin Love, Shrunda Solomon and appellant was admitted into evidence over Solomon's objection. The report states in its conclusion,

> The alleged father, CORNELIUS VILLERY, cannot be the biological father of KI YENDRA VILLERY and also both CALVIN LOVE and SHRUNDA SOLOMON. Paternal genetic factors that would have to be passed on if he were the biological father of Calvin Love and Shrunda Solomon are not present in Ki Yendra Villery. Therefore, if the alleged father is the biological father of Ki Yendra Villery, he cannot also be the biological father of both Calvin Love and Shrunda Solomon. This conclusion assumes that Ada Love is the biological mother of Calvin Love and Shrunda Solomon.

In admitting the report, the court stated,

> Gentlemen, I will accept this for what it is, a report from GeneScreen on the blood tests of Aida (sic) Love, Calvin Love, Shrunda Solomon and Ki Yendra Villery. Other than that, this Court's

not going to make any assumption, other than they've taken that. As far as any information that's contained herein, I'm not going to take it as a fact, without a witness here to support it or without something more than that. I have a hard time buying a blood test where all the parties are not involved. In other words, you don't have the father and the children and——....

Appellant interprets the conclusion of the report to mean that Villery may be the biological father of either Calvin Love or Shrunda Solomon, but he cannot be the biological father of both. That, however, is not what the report says. The conclusion of the report—that Villery cannot be the biological father of Ki Yendra Villery and also both Calvin Love and Shrunda Solomon—is, at best, ambiguous, particularly when the report also states, "Paternal genetic factors that would have to be passed on if he were the biological father of Calvin Love and Shrunda Solomon are not present in Ki Yendra Villery." Appellant did not produce an expert witness to interpret the report or to explain its conclusion.

■ Appellant interprets the statement of the trial court—"I will accept this for what it is.... Other than that, this Court's not going to make any assumption, other than they've taken that"—to mean that the trial court was not willing to assume that Villery was the biological father of appellant and that Ada Love was the biological mother of Calvin Love and Shrunda Solomon. We disagree with appellant's interpretation. The Family Code contemplates that blood tests, for the purpose of establishing paternity, will be conducted on the mother, the alleged father, and the child. TEX. FAM.CODE ANN. § 160.102 (Vernon 1996). The trial court was clearly saying that it would not make any assumptions based on the DNA report in light of the facts that no expert was presented to explain the report more fully and no DNA testing was done on the alleged father.

The trial court, as the trier of fact, was the sole judge of the credibility of the witnesses and the weight to be given to the testimony. *Jerry v. Kentucky Cent. Ins. Co.*, 836 S.W.2d 812, 814 (Tex.App.—Houston [1st Dist.] 1992, writ denied). It is clear that the results of the DNA tests were not conclusive, and the trial court did not err in refusing to make any assumptions based on the DNA report.

After reviewing the entire record, we hold that the trial court's finding that the clear and convincing evidence showed that Shrunda Love Solomon was the biological child of C.K. Villery is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

We overrule appellant's first and second points of error.

We affirm the judgment.