Opinion issued January 8, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01141-CV




 DENNIS L. BERRY, Appellant

V.

MIKE COVARRUBIAS III and CAERIN D. JORDAN, Appellees




On Appeal from County Civil Court at Law No. 3
 Harris County, Texas
Trial Court Cause No. 761,912




MEMORANDUM OPINION
          After a bench trial, the trial court awarded appellees, Caerin D. Jordan and
Mike Covarrubias III, $1,500 in damages for conversion of their 1992 Dodge
Shadow, in addition to awarding them $4,500 in attorney’s fees plus court costs and
interest. Appellant, Dennis L. Berry, appeals the trial court’s judgment. We
determine whether (1) the trial court erred in excluding from evidence 10 of
appellant’s affidavits, a vehicle inquiry receipt, and a police incident report; (2) the
evidence was factually sufficient to support the court’s finding of conversion of the
car; (3) the evidence was factually sufficient to support the court’s determination of
fair-market value of the car; (4) the trial court erred in denying opening and closing
arguments; (5) the trial court erred in denying Berry the opportunity to call appellees’
attorney as a witness; (6) the trial court erred in awarding appellees’ attorney’s fees;
(7) the trial court erred in failing to dismiss the cause for “want of recovery”; and (8)
the trial court was prejudiced against Berry. We affirm.
Background
          On July 26, 1999, appellees had their 1992 Dodge Shadow towed to Berry’s
residence so that Berry could give them an estimate of the cost for repairs to the car. 
Berry was appellees’ uncle, and he had previously done repairs on cars for appellees. 
On July 30, 1999, Berry and appellees discussed the estimate. Appellees could not
afford to make the necessary repairs, and they left the car at Berry’s home. Appellees
did not see the car again until Labor Day weekend at Berry’s home. Appellees
attempted to negotiate with Berry to get their car back during the visit, but no
agreement was reached. By September 7, 1999, Berry had completed $235 in repairs
to the car. The weekend following the Labor Day visit, appellees called the police
in an effort to regain possession of the car. Berry retained possession of the car and
attempted to perfect a mechanic’s lien on it. Subsequently, Berry foreclosed on his
mechanic’s lien and sold the car to himself for $235, the cost of the repairs. 
Appellees then sued Berry in a Justice of the Peace court on December 17, 1999 to
recover title and possession of the car or, in the alternative, to recover market value
of the car at the time of the foreclosure sale. The Justice of the Peace court dismissed
the case without prejudice for lack of jurisdiction. Appellees then filed their lawsuit
and prevailed in Harris County Civil Court at Law Number 3. 
                                                   Exclusion of Evidence
          In points of error one and two, Berry contends that the trial court erred in
excluding from evidence 10 affidavits, a vehicle inquiry receipt, and a police incident
report.


 
          The admission or exclusion of evidence is a matter within the discretion of the
trial court. See Jordan v. Fourth Court of Appeals, 701 S.W.2d 644, 649 (Tex.
1985). To obtain reversal upon the improper admission or exclusion of evidence, a
party must show that (1) the trial court erred in admitting or excluding evidence and
(2) the error was reasonably calculated to cause and probably did cause the rendition
of an improper judgment. Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396
(Tex. 1989). Whether an error was reasonably calculated to cause and probably did
cause the rendition of an improper judgment is a determination that we review for
abuse of discretion by evaluating the entire record in the case. See Lorusso v.
Members Mut. Ins. Co., 603 S.W.2d 818, 821 (Tex. 1980). Ordinarily, erroneous
rulings on admissibility of evidence are not reversible error when the evidence in
question is cumulative and not controlling on a material issue dispositive of the case. 
See Gee, 765 S.W.2d at 396. Thus, evidentiary rulings will not be reversed unless the
Berry shows that the whole case turns on the improperly excluded evidence. See
Superior Derrick Servs., Inc. v. Anderson, 831 S.W.2d 868, 876 (Tex.
App.—Houston [14th Dist.] 1992, writ denied).
A.      Affidavits
          Berry argues that the trial court erred in excluding 10 affidavits from evidence. 
However, the record shows that Berry attempted to introduce only three affidavits at
trial. Appellees’ counsel objected to the admission of the affidavits on the basis that
they constituted hearsay. The trial court sustained the objection and excluded all
three affidavits from evidence. 
          Error may not be predicated on the exclusion of evidence unless a party’s
substantial rights are affected and “the substance of the evidence was made known
to the court by offer, or was apparent from the context within which questions were
asked.” Tex. R. Evid. 103. Following the trial court’s ruling excluding the evidence,
Berry made no offer of proof showing the substance of any of the affidavits. Because
we may not consider the affidavits that Berry attached to his brief and because the
substance of the affidavits was not apparent from the context of the questions asked
at trial, Berry has failed to preserve error as to the affidavits. See Wade v. Comm’n
for Lawyer Discipline, 961 S.W.2d 366, 374 (Tex. App.—Houston [1st Dist.] 1997,
no pet.) (holding that, in absence of offer of proof, court has no basis to review
contention that trial court committed reversible error by preventing defendant from
introducing documents).
          We overrule point of error one.
B.      Vehicle Inquiry Receipt and Police Incident Report
          Berry contends that the trial court erred in excluding a vehicle inquiry receipt
for a 1989 Isuzu Trooper and a police incident report. Berry failed to make an offer
of proof following the trial court’s ruling excluding the receipt. Even if the trial court
was aware of the substance of the receipt, Berry has failed to show how the exclusion
of a receipt for a vehicle that is not the subject of the trial would be controlling on a
material issue dispositive of the case. See Gee, 765 S.W.2d at 396. Berry has
likewise failed to show how the exclusion of the police incident report caused the
rendition of an improper judgment. See id. As with the affidavits, we may not
consider the receipt or the incident report that Berry has attached to his brief because
they are not part of the record. Accordingly, we hold that the trial court did not abuse
its discretion in excluding the receipt and the incident report.
          We overrule point of error two.
 Factual Insufficiency
          In points of error seven, eight, nine, 10, and 11, Berry contends that the
evidence was factually insufficient to support the judgment in favor of appellees on
conversion and fair-market value of the car.
          When, as here, no findings of fact are filed or requested, the trial court’s
judgment implies all necessary findings of fact to support the judgment. See
Brandywood Housing, Ltd. v. Tex. Dept. of Transp., 74 S.W.3d 421, 427 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied). In reviewing the factual sufficiency
of the evidence to support the implied findings on appellees’ causes of action, we
must consider all of the evidence, both in support of and against the challenged
implied findings. See id. We will uphold the judgment unless the implied findings
supporting it are against the great weight and preponderance of the evidence so as to
be manifestly unjust. See Herter v. Wolfe, 961 S.W.2d 1, 4 (Tex. App.—Houston [1st
Dist.] 1995, writ denied).
A.      Conversion
          In points of error seven, 10, and 11, Berry contends that the trial court’s finding
of conversion of the car was against the great weight of the evidence because
appellees’ testimony lacked credibility and Berry’s testimony established that there
was no conversion. Berry also argues that he established a valid mechanic’s lien on
the car. We disagree.
          Conversion is “the unauthorized and wrongful assumption and exercise of
dominion and control over the personal property of another, to the exclusion of or
inconsistent with the owner’s rights.” Waisath v. Lack’s Stores, Inc., 474 S.W.2d
444, 447 (Tex.1971). In order to establish conversion, the plaintiff must show that
(1) he owned, had legal possession of, or was entitled to possession of the property;
(2) the defendant assumed and exercised dominion and control over the property in
an unlawful and unauthorized manner, to the exclusion of, and inconsistent with, the
plaintiff’s rights; and (3) the defendant refused the plaintiff’s demand for return of the
property. See Automek, Inc. v. Orandy, 105 S.W.3d 60, 63 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).
          Initially, we note that the trial court, as the trier of fact, was the sole judge of
the credibility of the witnesses and the weight to be given the testimony. See Villery 
v. Solomon, 16 S.W.3d 106, 110 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The
record contains a certified copy of the title showing that appellees were the rightful
owners of the car. Jordan testified that she and Covarrubias left the car with Berry
so that he could give them an estimate of the repairs needed to fix it. She also
testified that there was never an agreement that Berry would fix the car. Berry argues
that the trial court should not have found conversion in this case because he testified
that appellees gave him the car and because he presented three witnesses who
testified that he did not use the car or convert it. However, a person converts a car if
he sells it without having a right to do so. See Kollision King, Inc. v. Calderon, 968
S.W.2d 20, 23 (Tex. App.—Corpus Christi, 1998, no pet.). Berry admitted that he
had sold the car to himself.
          Additionally, the trial court found that Berry did not establish a valid
mechanic’s lien on the car. A worker in Texas who repairs a vehicle may keep the
vehicle until either “(1) the amount due under the contract for the repairs is paid; or
(2) if no amount is specified by contract, the reasonable and usual compensation is
paid.” Tex. Prop. Code Ann. § 70.001(a) (Vernon Supp. 2004). 
          Berry relies on his own testimony that he fulfilled all the necessary
requirements to perfect a valid mechanic’s lien on the car. A mechanic’s lien
foreclosure form was also admitted into evidence, along with letters from Berry
notifying appellees that he was in the process of obtaining a mechanic’s lien.
However, Jordan testified that the car was delivered to Berry so that he could estimate
the cost to repair the car. She further testified that he did provide an estimate and that
there was never an agreement to repair the car or an agreement for Berry to keep the
car. Berry also testified that he had not given appellees a bill or charged them for
repairs. Additionally, Berry testified that appellees gave him the car and that he did
the repairs for his own benefit.
          There was thus ample testimony to show that there was never an agreement to
repair or to keep the car and that Berry sold the car without the rightful owners’
consent. Berry’s evidence to the contrary does not greatly outweigh appellees’
evidence so as to make the judgment manifestly unjust. Accordingly, we hold that
the evidence to support the trial court’s finding of conversion was factually sufficient.
          We overrule points of error seven, 10, and 11.
B.      Fair-Market Value
          In points of error eight and nine, Berry asserts that Jordan was not qualified to
testify as to the fair-market value of her car and that the trial court erred because the
court apparently rejected Berry’s witness’ testimony as to the car’s fair-market value. 
Initially, we note that Berry failed to object to Jordan’s testimony at trial. As a result,
he did not properly preserve error as to Jordan’s qualifications to testify. See Tex. R.
App. P. 33.1(a). 
          We now determine whether the evidence was factually sufficient to support the
trial court’s finding regarding the car’s fair-market value. A property owner may
testify about the value of her property as long as the testimony refers to market, rather
than intrinsic, value of the property. See Pontiac v. Elliott, 775 S.W.2d 395, 399
(Tex. App.—Houston [1st Dist.] 1989, writ denied). Jordan testified that she believed
that the fair-market value of her car was “about $2,500 to $3,000, depending on the
condition of the car at the auction.” She further testified that her knowledge was
based on the fact that she had owned the car and had driven it every day since it was
purchased. In contrast, Berry’s son, who had worked as a mechanic for several years,
testified that the car was worth “about a hundred bucks” at the time that he inspected
it. Berry also testified that the car was worth nothing because it was not in running
condition. Additionally, Berry argues that Jordan’s testimony was not credible
because she testified that she did not know what was wrong with the car when it was
delivered to Berry so that he could inspect it. As the sole trier of fact and judge of the
credibility of witnesses’ testimony, the trial court determined that the fair-market
value of the car was $1,500, an amount less than that to which Jordan testified, but
more than that to which Berry and his son testified. Nothing shows that this
determination was manifestly unjust. We hold that the evidence supporting the trial
court’s ruling was factually sufficient. See Moore v. Bank Midwest, N.A., 39 S.W.3d
395, 401 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that, when
jury’s finding of fair-market value was within range of values supported by evidence,
finding should not be overturned). 
          We overrule points of error eight and nine.
Denial of Opening and Closing Arguments
          In points of error three and four, Berry contends that the trial court erred in
denying opening and closing arguments. Berry asserts that he is entitled to opening
and closing arguments under Texas Rule of Civil Procedure 269(a). See Tex. R. Civ.
P. 269(a). However, Berry did not object to the trial court’s denial of argument;
therefore, he has not preserved error. See Tex. R. App. P. 33.1(a).
          We overrule points of error three and four.
Denial of Witness’s Testimony
          In point of error five, Berry asserts that the trial court erred (1) in denying his
request to call appellees’ counsel as a witness and (2) in allowing appellees’ counsel
to cross-examine Berry after appellees’ counsel had stated that he did not wish to
cross-examine Berry.
          After the trial court denied Berry’s request to call appellees’ counsel as a
witness, Berry made no offer of proof as to the substance of the testimony that
appellees’ counsel would have provided. The substance of that testimony is not
apparent from the record. “When tendered evidence is excluded . . . it is necessary
for the complainant to make an offer of proof on a bill of exception to show what the
witness’ testimony would have been.” Anderson v. Higdon, 695 S.W.2d 320, 325 
(Tex. App.—Waco 1985, writ ref’d n.r.e.). Without the offer of proof, there is
nothing before the appellate court to show reversible error in the trial court's ruling. 
See id. Accordingly, we hold that Berry waived his complaint as to the excluded
testimony of appellees’ attorney.
          As to Berry’s complaint that he should not have been cross-examined when the
trial resumed, he did not object on that basis at trial. In fact, he took the stand and
participated in cross-examination. Consequently, any error was waived. See Tex. R.
App. P. 33.1(a).
          We overrule point of error five.
Attorney’s Fees 
          In point of error six, Berry argues that the trial court erred in awarding
appellees’ attorney’s fees because there was no evidence to support the fees.
          The trial court may award reasonable attorney’s fees to the prevailing party in
a suit involving possession of a vehicle. See Tex. Prop. Code Ann. § 70.008
(Vernon 2003). The grant or denial of attorney’s fees is within the trial court’s sound
discretion, and we will not reverse the court’s ruling regarding attorney’s fees absent
a clear abuse of that discretion. See Ryan v. Abdel-Salam, 39 S.W.3d 332, 337 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied).
          Appellees’ counsel testified that he had spent 45 hours working on the case and
that a reasonable attorney’s fee for that work would be $100 per hour. Berry argues
that appellees’ attorney was working on the case pro bono. Other than a question
posed by Berry during cross-examination, asking appellees’ attorney if he had agreed
to work pro bono, there is nothing in the record to rebut appellees’ counsel’s
testimony that he worked 45 hours for a fee.


 Based on this evidence, the trial court
did not abuse its discretion in awarding $4,500 in attorney’s fees.
          We overrule point of error six.
Want of Recovery
          In points of error 12 and 13, Berry asserts that the trial court should have
dismissed the cause “for want of recovery.” The basis of his argument is that he is
a disabled veteran whose entire income is derived from disability benefits that are
protected by federal laws. However, Berry did not object in the trial court on this
basis or request that the cause be dismissed; therefore, he has waived any error. See
Tex. R. App. P. 33.1(a). Even if Berry had preserved error, he has provided no
authority to support his points of error. Consequently, we overrule points of error 12
and 13.
Prejudice
          Berry argues in point of error 14 that the trial court was prejudiced against him. 
Berry failed to object on this basis in the trial court. Consequently, this point of error
is waived. See Tex. R. App. P. 33.1(a). 
          We overrule point of error 14.Conclusion
We affirm the judgment of the trial court.
 
 
                                                                        Tim Taft
     Justice
Panel consists of Justices Taft, Nuchia, and Keyes.