Opinion issued January 12, 2006
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00623-CV




DONALD BURNS INDIVIDUALLY AND d/b/a
BURNS ENTERPRISES, appellant

V.

MICHAEL ROCHON, appellee




On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2002-12781




O P I N I O N

          Appellant, Donald Burns, Individually and d/b/as Burns Enterprises (“Burns”), 
appeals an adverse judgment awarding Michael Rochon damages in the amount of
$10,500 for the conversion of gaming equipment. Burns raises five issues on appeal. 
In his first four issues, Burns argues that the evidence was insufficient to sustain a
judgment against him for conversion. In his final issue, Burns contends that the
statute of limitations barred Rochon’s suit. 
          We affirm. 
BACKGROUND
          In 1999, Burns leased a commercial property to Robert Harold. Harold used
the property to operate a bar known as The Watering Hole. In the course of running
the bar, Harold leased various equipment from Rochon—two video games, a pool
table, and a jukebox. The equipment Harold leased from Rochon was placed in The
Watering Hole. 
          Sometime during the early months of 2000, a dispute over rent arose between
Burns and Harold. In approximately February 2000, Harold became a holdover
tenant while continuing to owe Burns past due rent. Burns locked Harold out of the
leased property in early March 2000. Shortly thereafter, The Watering Hole was
broken into on two separate occasions. 
          After being notified of the first break-in, Rochon went to The Watering Hole
to check the status of the equipment. He found that it remained inside the bar. 
Rochon, along with his business associate, Phillip Matranga, attempted to telephone
Burns to make arrangements to remove the equipment from the bar. Rochon and
Matranga, however, were unable to reach Burns. The front door to the bar, having
been ripped from its hinges, was barricaded shut. 
          Within a matter of days, The Watering Hole was broken into a second time. 
On approximately the same date as the second break in, Rochon discovered that the
equipment had been removed from the bar. After contacting the police, Rochon
instructed Matranga to make inquiries to Burns regarding the equipment. Matranga
eventually reached Burns by telephone. Burns refused Matranga’s request to return
the equipment, stating that he would do so only after resolving his dispute with
Harold. 
          After a bench trial, the trial court found that Burns had converted Rochon’s
equipment and awarded Rochon $10,500 in damages. The trial court entered findings
of fact and conclusions of law in response to Burns’s request. Burns challenges 
findings of fact 1, 4, 6, and 10. These findings state:
          1.       Plaintiff Michael Rochon was at the time of the events
described below the owner of two video games, one pool
table, and one jukebox, hereinafter called the “property.”
 
          4.       Defendant Donald Burns wrongfully exercised dominion
and control over the property in a manner inconsistent with
the rights of Plaintiff Michael Rochon and without the
consent of Plaintiff Michael Rochon.
 
          6.       Defendant Donald Burns refused to return the property to
Plaintiff Michael Rochon after Plaintiff Michael Rochon
demanded the return of the property from Defendant
Donald Burns. 
 
          10.     The value of the property on the date it was taken by
Defendant Donald Burns was $2,000 for each of the video
games, $5,000 for the jukebox, and $1,500 for the pool
table. 

          The trial court entered the following conclusions of law: 
          1.       Defendant Donald Burns individually and doing business
as Burns Enterprises converted the property of Plaintiff
Michael Rochon. 
 
          2.       Defendant Donald Burns individually and doing business
as Burns Enterprises is liable for damages to Plaintiff
Michael Rochon in the amount of $10,500. 

DISCUSSION
          Sufficiency of the Evidence
          In his first four issues on appeal, Burns argues that the evidence was
insufficient to support a judgment against him for conversion.


 Specifically, Burns
claims that the evidence did not sufficiently prove that (1) Rochon owned the
equipment; (2) Burns exercised dominion and control over the equipment; (3) Burns
refused to return the equipment; and (4) the equipment was valued at $10,500. 
Because it is unclear whether Burns is challenging the legal or the factual sufficiency
of the evidence, we will address both. 
 
1. Standard of Review
          Findings of fact in a case tried to the court carry the same weight as a jury’s
verdict. See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). As is the case
here, however, a trial court’s findings of fact are not conclusive when the record
includes a complete reporter’s record. See Mohnke v. Greenwood, 915 S.W.2d 585,
589 (Tex. App.—Houston [14th Dist.] 1996, writ denied). When a reporter’s record
is present, a trial court’s findings of fact are reviewed under the same legal and
factual sufficiency standards that apply to a review of evidence supporting jury
findings. Catalina, 881 S.W.2d at 291. 
          In a legal sufficiency review, we review the evidence in a light that tends to
support the finding of the disputed facts and disregard all evidence and inferences to
the contrary. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001).
If more than a scintilla of evidence exists, it is legally sufficient. Id. More than a
scintilla of evidence exists if the evidence furnishes some reasonable basis for
differing conclusions by reasonable minds about a vital fact’s existence. Id. at
782–83.
          In reviewing a factual sufficiency claim, we consider, weigh, and examine all
the evidence presented at trial and will set aside a finding for factual insufficiency
only if the evidence is so “contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.” Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
2. Conversion
          Conversion is the wrongful assumption and exercise of dominion and control
over the personal property of another to the exclusion of, or inconsistent with, the
owner’s rights. Waisath v. Lack’s Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971). To
establish a claim for conversion, a plaintiff must prove that (1) the plaintiff owned or
had possession of the property or entitlement to possession; (2) the defendant
unlawfully and without authorization assumed and exercised control over the property
to the exclusion of, or inconsistent with, the plaintiff’s rights as an owner; (3) the
plaintiff demanded return of the property; and (4) the defendant refused to return the
property. See Apple Imports, Inc. v. Koole, 945 S.W.2d 895, 899 (Tex. App.—Austin
1997, writ denied). 
3. Appellant’s Arguments Regarding Proof of Ownership
          In his first issue on appeal, Burns contends the trial court erred in finding that
Rochon owned the equipment. Thus Burns argues that Rochon has failed to prove
a requisite element of conversion. Burns advances two arguments to support his
position. First, he notes that Rochon failed to present any documentation proving
ownership of the equipment. Second, he contends the evidence shows that the
equipment was owned jointly by Rochon and Matranga, and thus was not solely
owned by Rochon. 
          Burns’s contentions are without merit. Burns points us to no authority, and we
can find none, holding that ownership in a claim of conversion can be established
only by presenting legal title. Here, Rochon testified that he paid for and owned the
equipment, and Matranga’s testimony corroborated this fact. Moreover, Burns’s own
testimony indicates he was aware that Rochon alone owned the equipment. As Burns
notes, Matranga did provide some testimony suggesting he and Rochon owned the
equipment jointly, but both Rochon and Matranga stated that Rochon paid for the
equipment, and Rochon denied that Matranga possessed any ownership interest in it. 
          Finally, Burns introduced into evidence documents showing the annual
revenues generated by the video games. When Burns introduced these documents,
the following exchange occurred: 
BURNS’S COUNSEL: Mr. Rochon, I’m going to have you look at
Defendant’s Exhibit 1 and identify that for the Court, please. 
 
ROCHON: Okay. This is a statement. 
 
BURNS’S COUNSEL: Does that show your yearly return on the video
games—
 
ROCHON: It does, yes. 
 
BURNS’S COUNSEL: For The Watering Hole, the establishment we’re
talking about? 

          ROCHON: Yes. 
          In view of these facts, we conclude that the evidence was legally and factually
sufficient to prove that the equipment was owned by Rochon. 
          We overrule Burns’s first issue.
4. Appellant’s Arguments Regarding Dominion and Control 
          In his second issue on appeal, Burns contends that the judgment cannot be
sustained because the evidence failed to prove that he wrongfully exercised dominion
and control over the equipment. Burns’s position rests on his belief that he was not
unlawfully in possession of the equipment after locking Harold out in March 2000. 
Burns, however, fails to account for his telephone conversation with Matranga after
the second break-in at The Watering Hole. In that conversation, Burns admitted that
the equipment, which had been removed from the bar, was in his personal possession
and stated that he would not return it until resolving his dispute with Harold. Burns’s
testimony on cross-examination also indicates that he knew at the time of his
conversation with Matranga that the equipment was owned by Rochon. 
          Finding of fact number four states that “Defendant Donald Burns wrongfully
exercised dominion and control over the property in a manner inconsistent with the
rights of Plaintiff Michael Rochon and without the consent of Plaintiff Michael
Rochon.” There is no mention of when wrongful dominion and control was exercised
by Burns, only an assertion that it did occur. Thus even assuming that the Burns did
not wrongfully possess the equipment immediately upon locking Harold out, we
conclude, in light of Burns’s admission to Matranga, that the evidence was legally
and factually sufficient to prove that Burns wrongfully exercised dominion and
control over the equipment. 
          We overrule Burns’s second issue. 
5. Appellant’s Arguments Regarding Demand and Refusal
          In his third issue on appeal, Burns argues that the trial court erred in finding
that he refused Rochon’s demands to return the equipment. Under Texas law, a
demand for the return of property can be refused without an action for conversion
accruing only if “the refusal is not absolute, but is qualified by certain conditions
which are reasonable and justifiable, and which are imposed in good faith and in
recognition of the rights of the plaintiff.” Earthman’s Inc. v. Earthman, 526 S.W.2d
192, 204 (Tex. App.—Houston [1st Dist.] 1975, no writ) (quoting 89 C.J.S. Trover
& Conversion § 59b, 564–65). Thus, only a “qualified refusal” serves to protect one
against an action for conversion. Id.
          During direct examination of Matranga, who Rochon asked to contact Burns
regarding the equipment, the following exchange occurred: 
ROCHON’S COUNSEL: Did you ask Mr. Burns to return all four of
those games to you or Mr. Rochon?

          MATRANGA: Yes, I did. I asked him that I wanted our equipment back. 
 
ROCHON’S COUNSEL: Okay. 
 
          MATRANGA: Mr. Burns, who I never saw until today, told me over the telephone that when he settles his problem with Robert Harold, he would let
me have them. I said that had nothing to do with our equipment and Robert
had nothing to do with it. And he says, well, regardless of that, he would not
let us have our equipment until he settle his problems with Robert Harold, and
he slammed the phone in my face. 

          Matranga’s testimony indicates that Burns refused to return the equipment until
settling his dispute with Harold. Burns thus qualified his refusal with a condition that
pertained to a third party dispute entirely unrelated to ownership of the equipment. 
Refusing to return property for such reasons has been deemed an act of conversion. 
See Cothrum Drilling Co. v. Partee, 790 S.W.2d 796, 799–800 (Tex. App.—Eastland
1990, writ denied). Therefore, Burns’s rejection of Rochon’s demands did not
constitute a qualified refusal. In effect, Burns’s refusal was absolute. 
          Burns denies that he told Matranga he would only return the equipment once
he settled his dispute with Harold. Burns testified that he told Matranga only that the
equipment would be returned once Rochon provided proof of ownership, and he avers
that this request constituted a qualified refusal. We decline to accept Burns’s version
of events for two reasons. First, it is within the sole province of the trial court to
assess the credibility of witnesses and to resolve any inconsistencies in their
testimony. See Villery v. Solomon, 16 S.W.3d 106, 110 (Tex. App.—Houston [1st
Dist.] 2000, no pet.). Second, Burns effectively admitted on cross-examination that
he knew prior to March 2000 that Rochon owned the equipment. The fact that Burns
knew Rochon owned the equipment prior to his conversation with Matranga fatally
undermines his claim that requesting proof of ownership constituted a qualified
refusal.


 We conclude that the evidence was legally and factually sufficient to prove
that Burns refused Rochon’s request for the return of the equipment. 
          We overrule Burns’s third issue. 
6. Appellant’s Arguments Regarding Valuation of the Equipment
          In his fourth issue on appeal, Burns argues that the evidence was legally and
factually insufficient to support the trial court’s valuation of the equipment. In effect,
Burns contends that Rochon failed to present any evidence probative of the
equipment’s fair market value. 
          If the plaintiff in a conversion action elects to recover the value of the property, 
damages are typically determined by the fair market value at the time and place of
conversion. United Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 147–48 (Tex.
1997). Fair market value has been defined as “the price which the property would
bring when it is offered for sale by one who desires, but is not obliged to sell, and is
bought by one who is under no necessity of buying it.” City of Austin v. Cannizzo,
267 S.W.2d 808, 815 (Tex. 1954). However, when converted property has no readily
ascertainable fair market value, the measure of damages is the actual value of the
property to the owner at the time of its loss. Crisp v. Sec. Nat’l Ins. Co., 369 S.W.2d
326 (Tex. 1963). The actual value measure of damages has frequently been employed
in cases of conversion involving furniture and equipment used in the operation of
restaurants and bars. See Wright v. Gernandt, 559 S.W.2d 864 (Tex. Civ.
App.—Corpus Christi 1977, no writ); Eisemann v. Emmons, 399 S.W.2d 428 (Tex.
Civ. App.—Eastland 1965, no writ); Ogden v. Wilson, 649 S.W.2d 780 (Tex.
App.—Austin 1983, writ ref’d n.r.e).
          In determining both fair market value and actual value, courts have considered
the purchase price paid by an owner, particularly when evidence of the purchase price
is neither objected to nor controverted. See Wutke v. Yolton, 71 S.W.2d 549, 552
(Tex. Civ. App.—Beaumont 1934, writ ref’d) (holding that purchase price is
probative of actual value); San Antonio Pub. Serv. Co. v. Murray, 59 S.W.2d 851, 854
(Tex. Civ. App.—Beaumont 1933) (holding that purchase price is probative of fair
market value when it is the only evidence admitted regarding value and its admission
is not objected to). No matter what measure of damages is employed in establishing
the value of the converted property, “it is well settled that the owner of property can
testify as to his opinion regarding the value of his own property . . . even if the
owner’s testimony is halting and indefinite it nonetheless will be sufficient to sustain
a verdict when there is no controverting evidence.” Espinosa v. Schomberg, 601
S.W.2d 161, 164 (Tex. Civ. App.—Waco 1980, writ ref’d n.r.e.).
          Here, Rochon testified that he purchased the video equipment for $2,000 each,
the jukebox for $5,000, and the pool table for “about $1,500, $1,800.” Rochon also
provided testimony concerning revenues generated by the converted equipment. 
Burns did not object to Rochon’s testimony regarding purchase price, and, other than
challenging Rochon’s valuation of the equipment’s revenues, he presented no
controverting evidence probative of fair market or actual value. Although it is not
entirely clear from the trial court’s findings of fact whether damages were measured
using fair market or actual value, we conclude that Rochon’s testimony regarding
purchase price is both legally and factually sufficient to sustain the assessment of
damages at $10,500. 
          We overrule Burns’s fourth issue. 
          Statute of Limitations
          In his fifth issue on appeal, Burns contends that Rochon’s cause of action is
barred by the statute of limitations. A cause of action for conversion must be
commenced no later than two years after its accrual. Tex. Civ. Prac. & Rem. Code
Ann. § 16.003 (Vernon 2003). Rochon filed suit against Burns on March 13, 2002. 
Therefore, Rochon’s cause of action for conversion is barred if it accrued prior to
March 13, 2000. Significantly, because statute of limitations is an affirmative
defense, parties alleging the defense of limitations bear the burden of proof, and must
conclusively establish the applicability of the statute of limitations, including the date
on which limitations commenced. See Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 220 (Tex. 2003). Here, Burns bears the burden of pleading,
proving, and securing findings to sustain his plea of limitations. See Woods v.
William M. Mercer, Inc, 769 S.W.2d 515, 517 (Tex. 1988). 
          In cases of conversion, the statute of limitations generally begins to run at the
time of the unlawful taking. Republic Supply Co. v. French Oil Co., 392 S.W.2d 462,
464–65 (Tex. Civ. App.—El Paso 1965, no writ). In certain cases, however, the
“discovery rule” defers the accrual of a cause of action until the plaintiff discovers or,
in the exercise of reasonable diligence, should discover the “nature of his injury.” 
Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998). The discovery rule has
generally been applied to categories of cases where the nature of the injury incurred
is inherently undiscoverable and the evidence of the injury is objectively verifiabe. 
See Computer Assocs. Int’l, Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex. 1996). This
includes conversion cases in which possession is initially lawful. See Hofland v.
Elgin-Butler Brick Co., 834 S.W.2d 409, 414 (Tex. App.—Corpus Christi 1992, no
writ). When the discovery rule applies, the cause of action accrues “upon demand
and refusal, or discovery of facts supporting the cause of action, whichever occurs
first.” Id. 
          Here, Burns initially came into possession of the equipment when he lawfully
locked Harold out of The Watering Hole. Shortly after the lock-out, the first break-in
occurred. When notified of the break-in, Rochon visited the bar and observed that
the equipment remained inside. He then telephoned Burns to arrange to pick up the
equipment, but Burns did not answer the telephone or return Rochon’s calls. At this
point, Rochon had no reason to conclude that Burns had unlawfully taken possession
of the equipment. Rather, although Rochon appears to have known that he needed
to make arrangements to remove the equipment from the Watering Hole, there is no
evidence in the record to suggest that Burns had as yet wrongfully interfered with
Rochon’s rights as an owner. Consequently, no cause of action for conversion
accrued as a result of the initial break-in. 
          On the day of the second break-in, Rochon was notified by telephone that his
equipment was being removed from the bar.


 He traveled to the Watering Hole and
discovered that the equipment was no longer inside. At that moment, Rochon became
aware of his injury and knew, as he had not granted anyone permission to remove the
equipment, that it was likely caused by the wrongful acts of another. Once these
requirements are satisfied, “limitations commences, even if the plaintiff does not
know the exact identity of the wrongdoer.” Steinhagen, III v. Ehl, 126 S.W.3d 623, 
626 (Tex. App.—Beaumont 2004, pet. denied). Therefore, although he did yet not
know for certain that Burns had taken the equipment, Rochon’s cause of action
accrued when he learned on the date of the second break-in that his equipment had
been removed from the Watering Hole. 
          Thus a conclusive showing by Burns that Rochon learned of the second break-in prior to March 13, 2000 would bar Rochon’s cause of action. See Provident Life
& Accident, 128 S.W.3d at 220. Burns, however, fails to make such a showing. The
record contains only ambiguous testimony regarding relevant dates, testimony that
is being offered four years after the events in question took place. Inconclusive
testimony suggests that the first break-in occurred on or about March 7, 2000. The
second break-in appears to have occurred anywhere from “several” to “two to three”
days later. It is thus impossible, without more precise testimony or documentary
evidence than the record contains, to pinpoint when the second break-in took place. 
          Burns rests his limitations claim solely on the ambiguous and inconclusive
testimony of the parties. A mere testimonial suggestion that an event occurred on a
given date does not suffice to secure a finding that will sustain a limitations defense. 
See Mercer, 769 S.W.2d at 517. In view of the inconclusive testimony regarding the
date Rochon learned that the equipment had been removed from the Watering Hole,
we conclude that Burns failed to carry the burden of his affirmative statute of
limitations defense. See Provident Life & Accident, 128 S.W.3d at 220. 
          We overrule Burns’s fifth issue. 
 
 
CONCLUSION
          We affirm the judgment of the trial court.  
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.