Opinion issued June 5, 2008












In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00083-CV






L&L CRANE SERVICE, INC., Appellant


V.


CONTINENTAL DREDGING, INC., Appellee






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 2005-66318






MEMORANDUM OPINION

 This is an appeal from a bench trial in which appellant L&L Crane Service, Inc.
sued appellee Continental Dredging, Inc. over a crane belonging to L&L that L&L
left on Continental's property. L&L sued for breach of contract, quantum meruit, and
conversion arising out of Continental's refusal to allow L&L to reclaim its crane
unless L&L first paid storage fees to Continental. The district court rendered
judgment that L&L take nothing in damages and ordered Continental to return the
crane to L&L. L&L did not request findings of fact and conclusions of law.

 On appeal, L&L challenges the legal and factual sufficiency of the trial court's
judgment regarding the conversion claim. Of the four elements of conversion, L&L
contends only the second element--whether Continental unlawfully and without
authorization assumed and exercised control over the crane to the exclusion of, or
inconsistent with, L&L's rights as the owner of the crane--was a disputed fact
question at trial. See Burns v. Rochon, 190 S.W.3d 263, 267-68
(Tex. App.--Houston [1st Dist.] 2006, no pet.) (setting out elements of conversion). 
L&L impliedly argues that because it asked Continental to return the crane and
Continental refused, then it became Continental's burden to establish the reasons for
a reasonable, good faith qualified refusal to return the crane. See id. at 269. L&L's
specific argument is no evidence, or factually insufficient evidence, exists that L&L
agreed to pay a storage fee to Continental; therefore, Continental did not make a
reasonable, good faith qualified refusal to return the crane.

 When a trial court does not issue findings of fact and conclusions of law, all
facts necessary to support the judgment, which are supported by the evidence, are
implied. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002). 
Because the appellate record in this case includes the clerk's and reporter's records,
L&L may challenge the implied finding that L&L agreed to pay a storage fee to
Continental. See id.

 Marvin Harralson, a Continental employee, testified at trial that he spoke with
someone at L&L when the crane was initially placed on Continental's property. 
Harralson told the individual from L&L that the crane could be stored on the property
for a short period of time, but if the crane was not moved quickly, then Continental
might invoice L&L for storage fees. In addition, Jennifer Lynn Park, Continental's
vice president, testified at trial that she received a telephone call from Ray LeJeune,
one of L&L's co-owners. According to Park, when LeJeune asked to come pick up
the crane, she informed him there was a storage fee on the crane, and LeJeune said
there was "no problem" with the storage fee.

 The record contains contradictory evidence concerning whether L&L agreed
to a storage fee. After viewing the evidence in a light that tends to support the
implied finding of a disputed fact and disregarding all evidence and inferences to the
contrary, we hold that there is more than a mere scintilla of evidence to support the
implied finding concerning the storage fee. According, we overrule L&L's
no-evidence challenge. See id.; see also Wal-Mart Stores, Inc. v. Miller,
102 S.W.3d 706, 709 (Tex. 2003). When we consider L&L's factual-sufficiency
challenge to the implied finding, we must consider and weigh all the evidence and
should set aside the judgment only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); see also Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); In
re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951). We hold the district court's
implied finding was not so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust, and we overrule L&L's factual-sufficiency challenge.

 We must also address Continental's request that we dismiss the appeal because
L&L took possession of the crane as allowed by the district court's judgment. 
Continental argues that it is "unfair" for L&L to both take possession of the crane and
to appeal the portion of the judgment that L&L take nothing on its conversion claim. 
Continental, however, did not file its own notice of appeal regarding the trial court's
judgment that L&L have possession. We hold that Continental has waived any
possible complaint.



 We affirm the district court's judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.