Donald BURNS individually and d/b/a Burns Enterprises, appellant,

v.

Michael ROCHON, appellee.

No. 01–04–00623–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 12, 2006.

Angelo Parrish, Parrish & Parrish, Houston, TX, for Appellant.

Marcellous S. McZeal, McGuire, Grealish & McZeal, LLP, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Donald Burns, Individually and d/b/as Burns Enterprises ("Burns"), appeals an adverse judgment awarding Michael Rochon damages in the amount of $10,500 for the conversion of gaming equipment. Burns raises five issues on appeal. In his first four issues, Burns argues that the evidence was insufficient to sustain a judgment against him for conversion. In his final issue, Burns contends that the statute of limitations barred Rochon's suit.

We affirm.

## BACKGROUND

In 1999, Burns leased a commercial property to Robert Harold. Harold used the property to operate a bar known as The Watering Hole. In the course of running the bar, Harold leased various equipment from Rochon—two video games, a pool table, and a jukebox. The equipment Harold leased from Rochon was placed in The Watering Hole.

Sometime during the early months of 2000, a dispute over rent arose between Burns and Harold. In approximately February 2000, Harold became a holdover tenant while continuing to owe Burns past due rent. Burns locked Harold out of the leased property in early March 2000. Shortly thereafter, The Watering Hole was broken into on two separate occasions.

After being notified of the first break-in, Rochon went to The Watering Hole to check the status of the equipment. He found that it remained inside the bar. Rochon, along with his business associate, Phillip Matranga, attempted to telephone Burns to make arrangements to remove the equipment from the bar. Rochon and Matranga, however, were unable to reach Burns. The front door to the bar, having been ripped from its hinges, was barricaded shut.

Within a matter of days, The Watering Hole was broken into a second time. On approximately the same date as the second break in, Rochon discovered that the equipment had been removed from the bar. After contacting the police, Rochon instructed Matranga to make inquiries to Burns regarding the equipment. Matranga eventually reached Burns by telephone. Burns refused Matranga's request to return the equipment, stating that he would do so only after resolving his dispute with Harold.

After a bench trial, the trial court found that Burns had converted Rochon's equipment and awarded Rochon $10,500 in damages. The trial court entered findings of fact and conclusions of law in response to Burns's request. Burns challenges findings of fact 1, 4, 6, and 10. These findings state:

1. Plaintiff Michael Rochon was at the time of the events described below the owner of two video games, one pool table, and one jukebox, hereinafter called the "property."

4. Defendant Donald Burns wrongfully exercised dominion and control over the property in a manner inconsistent

with the rights of Plaintiff Michael Rochon and without the consent of Plaintiff Michael Rochon.

6. Defendant Donald Burns refused to return the property to Plaintiff Michael Rochon after Plaintiff Michael Rochon demanded the return of the property from Defendant Donald Burns.

10. The value of the property on the date it was taken by Defendant Donald Burns was $2,000 for each of the video games, $5,000 for the jukebox, and $1,500 for the pool table.

The trial court entered the following conclusions of law:

1. Defendant Donald Burns individually and doing business as Burns Enterprises converted the property of Plaintiff Michael Rochon.

2. Defendant Donald Burns individually and doing business as Burns Enterprises is liable for damages to Plaintiff Michael Rochon in the amount of $10,500.

## DISCUSSION

### Sufficiency of the Evidence

In his first four issues on appeal, Burns argues that the evidence was insufficient to support a judgment against him for conversion.[1] Specifically, Burns claims that the evidence did not sufficiently prove that (1) Rochon owned the equipment; (2) Burns exercised dominion and control over the equipment; (3) Burns refused to return the equipment; and (4) the equipment was valued at $10,500. Because it is unclear whether Burns is challenging the legal or the factual sufficiency of the evidence, we will address both.

1. By order dated August 2, 2005, we struck Rochon's brief because it was not timely filed. Therefore, we independently examine the merits of Burns's claims without consider-

### 1. Standard of Review

Findings of fact in a case tried to the court carry the same weight as a jury's verdict. See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex.1994). As is the case here, however, a trial court's findings of fact are not conclusive when the record includes a complete reporter's record. See Mohnke v. Greenwood, 915 S.W.2d 585, 589 (Tex.App.-Houston [14th Dist.] 1996, writ denied). When a reporter's record is present, a trial court's findings of fact are reviewed under the same legal and factual sufficiency standards that apply to a review of evidence supporting jury findings. Catalina, 881 S.W.2d at 297.

In a legal sufficiency review, we review the evidence in a light that tends to support the finding of the disputed facts and disregard all evidence and inferences to the contrary. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex.2001). If more than a scintilla of evidence exists, it is legally sufficient. Id. More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. Id. at 782–83.

In reviewing a factual sufficiency claim, we consider, weigh, and examine all the evidence presented at trial and will set aside a finding for factual insufficiency only if the evidence is so "contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986).

### 2. Conversion

■ Conversion is the wrongful assumption and exercise of dominion and

ation of Rochon's brief. See Siverand v. State, 89 S.W.3d 216, 219 (Tex.App.-Corpus Christi 2002, no pet. h.).

control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex.1971). To establish a claim for conversion, a plaintiff must prove that (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *See Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex.App.-Austin 1997, writ denied).

### 3. Appellant's Arguments Regarding Proof of Ownership

■ In his first issue on appeal, Burns contends the trial court erred in finding that Rochon owned the equipment. Thus Burns argues that Rochon has failed to prove a requisite element of conversion. Burns advances two arguments to support his position. First, he notes that Rochon failed to present any documentation proving ownership of the equipment. Second, he contends the evidence shows that the equipment was owned jointly by Rochon and Matranga, and thus was not solely owned by Rochon.

Burns's contentions are without merit. Burns points us to no authority, and we can find none, holding that ownership in a claim of conversion can be established only by presenting legal title. Here, Rochon testified that he paid for and owned the equipment, and Matranga's testimony corroborated this fact. Moreover, Burns's own testimony indicates he was aware that Rochon alone owned the equipment. As Burns notes, Matranga did provide some testimony suggesting he and Rochon owned the equipment jointly, but both Rochon and Matranga stated that Rochon paid for the equipment, and Rochon denied that Matranga possessed any ownership interest in it.

Finally, Burns introduced into evidence documents showing the annual revenues generated by the video games. When Burns introduced these documents, the following exchange occurred:

BURNS'S COUNSEL: Mr. Rochon, I'm going to have you look at Defendant's Exhibit 1 and identify that for the Court, please.

ROCHON: Okay. This is a statement.

BURNS'S COUNSEL: Does that show your yearly return on the video games—

ROCHON: It does, yes.

BURNS'S COUNSEL: For The Watering Hole, the establishment we're talking about?

ROCHON: Yes.

In view of these facts, we conclude that the evidence was legally and factually sufficient to prove that the equipment was owned by Rochon.

We overrule Burns's first issue.

### 4. Appellant's Arguments Regarding Dominion and Control

■ In his second issue on appeal, Burns contends that the judgment cannot be sustained because the evidence failed to prove that he wrongfully exercised dominion and control over the equipment. Burns's position rests on his belief that he was not unlawfully in possession of the equipment after locking Harold out in March 2000. Burns, however, fails to account for his telephone conversation with Matranga after the second break-in at The Watering Hole. In that conversation, Burns admitted that the equipment, which had been removed from the bar, was in his personal possession and stated that he

would not return it until resolving his dispute with Harold. Burns's testimony on cross-examination also indicates that he knew at the time of his conversation with Matranga that the equipment was owned by Rochon.

Finding of fact number four states that "Defendant Donald Burns wrongfully exercised dominion and control over the property in a manner inconsistent with the rights of Plaintiff Michael Rochon and without the consent of Plaintiff Michael Rochon." There is no mention of when wrongful dominion and control was exercised by Burns, only an assertion that it did occur. Thus even assuming that the Burns did not wrongfully possess the equipment immediately upon locking Harold out, we conclude, in light of Burns's admission to Matranga, that the evidence was legally and factually sufficient to prove that Burns wrongfully exercised dominion and control over the equipment.

We overrule Burns's second issue.

5. *Appellant's Arguments Regarding Demand and Refusal*

■ In his third issue on appeal, Burns argues that the trial court erred in finding that he refused Rochon's demands to return the equipment. Under Texas law, a demand for the return of property can be refused without an action for conversion accruing only if "the refusal is not absolute, but is qualified by certain conditions which are reasonable and justifiable, and which are imposed in good faith and in recognition of the rights of the plaintiff." *Earthman's Inc. v. Earthman*, 526 S.W.2d 192, 204 (Tex.App.-Houston [1st Dist.] 1975, no writ) (quoting 89 C.J.S. *Trover & Conversion* § 59b, 564–65). Thus, only a "qualified refusal" serves to protect one against an action for conversion. *Id.*

During direct examination of Matranga, who Rochon asked to contact Burns regarding the equipment, the following exchange occurred:

ROCHON'S COUNSEL: Did you ask Mr. Burns to return all four of those games to you or Mr. Rochon?

MATRANGA: Yes, I did. I asked him that I wanted our equipment back.

ROCHON'S COUNSEL: Okay.

MATRANGA: Mr. Burns, who I never saw until today, told me over the telephone that when he settles his problem with Robert Harold, he would let me have them. I said that had nothing to do with our equipment and Robert had nothing to do with it. And he says, well, regardless of that, he would not let us have our equipment until he settle his problems with Robert Harold, and he slammed the phone in my face.

Matranga's testimony indicates that Burns refused to return the equipment until settling his dispute with Harold. Burns thus qualified his refusal with a condition that pertained to a third party dispute entirely unrelated to ownership of the equipment. Refusing to return property for such reasons has been deemed an act of conversion. *See Cothrum Drilling Co. v. Partee*, 790 S.W.2d 796, 799–800 (Tex.App.-Eastland 1990, writ denied). Therefore, Burns's rejection of Rochon's demands did not constitute a qualified refusal. In effect, Burns's refusal was absolute.

■ Burns denies that he told Matranga he would only return the equipment once he settled his dispute with Harold. Burns testified that he told Matranga only that the equipment would be returned once Rochon provided proof of ownership, and he avers that this request constituted a qualified refusal. We decline to accept Burns's version of events for two reasons. First, it is within the sole province of the trial court to assess the credibility of wit-

nesses and to resolve any inconsistencies in their testimony. *See Villery v. Solomon*, 16 S.W.3d 106, 110 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Second, Burns effectively admitted on cross-examination that he knew prior to March 2000 that Rochon owned the equipment. The fact that Burns knew Rochon owned the equipment prior to his conversation with Matranga fatally undermines his claim that requesting proof of ownership constituted a qualified refusal.[2] We conclude that the evidence was legally and factually sufficient to prove that Burns refused Rochon's request for the return of the equipment.

We overrule Burns's third issue.

### 6. *Appellant's Arguments Regarding Valuation of the Equipment*

■ In his fourth issue on appeal, Burns argues that the evidence was legally and factually insufficient to support the trial court's valuation of the equipment. In effect, Burns contends that Rochon failed to present any evidence probative of the equipment's fair market value.

■ If the plaintiff in a conversion action elects to recover the value of the property, damages are typically determined by the fair market value at the time and place of conversion. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147–48 (Tex.1997). Fair market value has been defined as "the price which the property would bring when it is offered for sale by one who desires, but is not obliged to sell, and is bought by one who is under no necessity of buying it." *City of Austin v. Cannizzo*, 153 Tex. 324, 267 S.W.2d 808, 815 (1954). However, when converted property has no readily ascertainable fair market value, the measure of damages is the actual value of the property to the owner at the time of its loss. *Crisp v. Sec. Nat'l Ins. Co.*, 369 S.W.2d 326 (Tex.1963). The actual value measure of damages has frequently been employed in cases of conversion involving furniture and equipment used in the operation of restaurants and bars. *See Wright v. Gernandt*, 559 S.W.2d 864 (Tex.Civ.App.-Corpus Christi 1977, no writ); *Eisemann v. Emmons*, 399 S.W.2d 428 (Tex.Civ.App.-Eastland 1965, no writ); *Ogden v. Wilson*, 649 S.W.2d 780 (Tex. App.-Austin 1983, writ ref'd n.r.e).

■ In determining both fair market value and actual value, courts have considered the purchase price paid by an owner, particularly when evidence of the purchase price is neither objected to nor controverted. *See Wutke v. Yolton*, 71 S.W.2d 549, 552 (Tex.Civ.App.-Beaumont 1934, writ ref'd) (holding that purchase price is probative of actual value); *San Antonio Pub. Serv. Co. v. Murray*, 59 S.W.2d 851, 854 (Tex.Civ.App.-Beaumont 1933) (holding that purchase price is probative of fair market value when it is the only evidence admitted regarding value and its admission is not objected to). No matter what measure of damages is employed in establishing the value of the converted property, "it is well settled that the owner of property can testify as to his opinion regarding the value of his own property . . . even if the owner's testimony is halting and indefinite

---

**2.** We further note that the demand and refusal elements of conversion are not required if other evidence establishes an act of conversion. *See Presley v. Cooper*, 155 Tex. 168, 284 S.W.2d 138, 141 (1955). The purpose of demand and refusal is most effectively illustrated in bailment, where "a conversion by the bailee cannot otherwise by shown than by his refusal to comply with the demand for possession." *Id.* Here, Burns's wrongful seizure of the equipment represented a clear act of conversion. Thus, although the trial court found that demand and refusal did occur, such findings were not strictly necessary for Rochon to prevail.

it nonetheless will be sufficient to sustain a verdict when there is no controverting evidence." *Espinosa v. Schomberg*, 601 S.W.2d 161, 164 (Tex.Civ.App.-Waco 1980, writ ref'd n.r.e.).

Here, Rochon testified that he purchased the video equipment for $2,000 each, the jukebox for $5,000, and the pool table for "about $1,500, $1,800." Rochon also provided testimony concerning revenues generated by the converted equipment. Burns did not object to Rochon's testimony regarding purchase price, and, other than challenging Rochon's valuation of the equipment's revenues, he presented no controverting evidence probative of fair market or actual value. Although it is not entirely clear from the trial court's findings of fact whether damages were measured using fair market or actual value, we conclude that Rochon's testimony regarding purchase price is both legally and factually sufficient to sustain the assessment of damages at $10,500.

We overrule Burns's fourth issue.

### Statute of Limitations

In his fifth issue on appeal, Burns contends that Rochon's cause of action is barred by the statute of limitations. A cause of action for conversion must be commenced no later than two years after its accrual. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 2003). Rochon filed suit against Burns on March 13, 2002. Therefore, Rochon's cause of action for conversion is barred if it accrued prior to March 13, 2000. Significantly, because statute of limitations is an affirmative defense, parties alleging the defense of limitations bear the burden of proof, and must conclusively establish the applicability of the statute of limitations, including the date on which limitations commenced. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220 (Tex.2003). Here, Burns bears the burden of pleading,

proving, and securing findings to sustain his plea of limitations. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988).

In cases of conversion, the statute of limitations generally begins to run at the time of the unlawful taking. *Republic Supply Co. v. French Oil Co.*, 392 S.W.2d 462, 464–65 (Tex.Civ.App.-El Paso 1965, no writ). In certain cases, however, the "discovery rule" defers the accrual of a cause of action until the plaintiff discovers or, in the exercise of reasonable diligence, should discover the "nature of his injury." *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex.1998). The discovery rule has generally been applied to categories of cases where the nature of the injury incurred is inherently undiscoverable and the evidence of the injury is objectively verifiable. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex.1996). This includes conversion cases in which possession is initially lawful. *See Hofland v. Elgin–Butler Brick Co.*, 834 S.W.2d 409, 414 (Tex.App.-Corpus Christi 1992, no writ). When the discovery rule applies, the cause of action accrues "upon demand and refusal, or discovery of facts supporting the cause of action, whichever occurs first." *Id.*

Here, Burns initially came into possession of the equipment when he lawfully locked Harold out of The Watering Hole. Shortly after the lock-out, the first break-in occurred. When notified of the break-in, Rochon visited the bar and observed that the equipment remained inside. He then telephoned Burns to arrange to pick up the equipment, but Burns did not answer the telephone or return Rochon's calls. At this point, Rochon had no reason to conclude that Burns had unlawfully taken possession of the equipment. Rather, although Rochon appears

272

to have known that he needed to make arrangements to remove the equipment from the Watering Hole, there is no evidence in the record to suggest that Burns had as yet wrongfully interfered with Rochon's rights as an owner. Consequently, no cause of action for conversion accrued as a result of the initial break-in.

■ On the day of the second break-in, Rochon was notified by telephone that his equipment was being removed from the bar.[3] He traveled to the Watering Hole and discovered that the equipment was no longer inside. At that moment, Rochon became aware of his injury and knew, as he had not granted anyone permission to remove the equipment, that it was likely caused by the wrongful acts of another. Once these requirements are satisfied, "limitations commences, even if the plaintiff does not know the exact identity of the wrongdoer." *Steinhagen, III v. Ehl,* 126 S.W.3d 623, 626 (Tex.App.-Beaumont 2004, pet. denied). Therefore, although he did yet not know for certain that Burns had taken the equipment, Rochon's cause of action accrued when he learned on the date of the second break-in that his equipment had been removed from the Watering Hole.

■ Thus a conclusive showing by Burns that Rochon learned of the second break-in prior to March 13, 2000 would bar Rochon's cause of action. *See Provident Life & Accident,* 128 S.W.3d at 220. Burns, however, fails to make such a showing. The record contains only ambiguous testimony regarding relevant dates, testi-

mony that is being offered four years after the events in question took place. Inconclusive testimony suggests that the first break-in occurred on or about March 7, 2000. The second break-in appears to have occurred anywhere from "several" to "two to three" days later. It is thus impossible, without more precise testimony or documentary evidence than the record contains, to pinpoint when the second break-in took place.

■ Burns rests his limitations claim solely on the ambiguous and inconclusive testimony of the parties. A mere testimonial suggestion that an event occurred on a given date does not suffice to secure a finding that will sustain a limitations defense. *See Mercer,* 769 S.W.2d at 517. In view of the inconclusive testimony regarding the date Rochon learned that the equipment had been removed from the Watering Hole, we conclude that Burns failed to carry the burden of his affirmative statute of limitations defense. *See Provident Life & Accident,* 128 S.W.3d at 220.

We overrule Burns's fifth issue.

## CONCLUSION

We affirm the judgment of the trial court.

---

**3.** It is not clear from the record who telephoned Rochon.