**Pepper LEE, Appellant,**

v.

**Leland DYKES, Appellee.**

**No. 14–08–00488–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 27, 2010.

---

Ralphael V. Wilkins, Houston, for appellant.

Thi Anh Tran, Charles Lee Daugherty, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices SEYMORE and SULLIVAN.

## OPINION

CHARLES W. SEYMORE, Justice.

Pepper Lee appeals the portion of a final judgment awarding appellee, Leland Dykes, $13,000 for conversion damages. Lee contends the evidence is legally and factually insufficient to support the jury's finding that Dykes sustained damages in this amount. Because we agree the evidence is legally insufficient to support the jury's finding, we reverse and render with respect to the award of damages for conversion and affirm the remainder of the judgment.

### I. BACKGROUND

According to Dykes, in January 2005, he and Lee became engaged to be married. Dykes gave Lee a diamond ring, which he considered "predicated" on their impending marriage and not a gift. Dykes also paid the down payment, monthly payments, insurance premiums, and taxes on a home purchased in Lee's name. Both parties signed a document entitled, "Property Agreement/Financial Responsibility" ("the property agreement"), which provided, "[i]n the event of incompatibility in the relationship ..., [Dykes] will assume the financial responsibility of [the property] and will be added to the ownership and continues possession so as to release [Lee] for homestead rights." Their relationship ended on May 15, 2006; however, according to Dykes, Lee refused to return the ring and give Dykes possession and part ownership of the property.

Dykes sued Lee for breach of contract, fraud, and conversion, among other claims. Dykes requested damages and equitable relief including imposition of a trust and equitable lien on the real property. Lee filed a counterclaim for various causes of action.

A jury found as follows: Lee did not fail to comply with the property agreement; Lee did not commit fraud; Dykes expended $110,000 for purchase of the real property; Dykes gave Lee the ring "upon the condition" that they marry; Lee ended the engagement on May 15, 2006; and "reasonable cash market value" of the ring on that date in Harris County, Texas was $13,000. The jury also found in Dykes's favor on Lee's counterclaim.

On April 1, 2008, the trial court signed a final judgment awarding Dykes $123,000 in damages, representing $110,000 relative to the real property and $13,000 for conversion of the ring. The trial court also imposed a resulting trust and equitable lien against the real property relative to the $110,000 Dykes expended thereon and ordered foreclosure of the lien. The trial court ordered that Lee take nothing on her counterclaim. Lee filed a motion for new trial, which the trial court denied by written order.

### II. ANALYSIS

Lee originally presented four issues, challenging the money judgment for

$123,000 in Dykes's favor. In her first and fourth issues, Lee attacked the portion of the total damages award representing $110,000 relative to the real property, arguing the jury made no liability findings to support such an award.[1] However, after Lee filed her brief, Dykes filed a release of judgment relative to this $110,000 in damages. Accordingly, Lee's issues challenge this award are now moot. We will affirm the judgment relative to the $110,000 in damages, recognizing it has been released.

Lee's remaining complaints pertain to the $13,000 portion of the damages award imposed for conversion of the ring. In her second and third issues, Lee contends the evidence is legally and factually insufficient to support the jury's finding that reasonable cash market value of the ring on or about May 15, 2006 in Harris County was $13,000. Lee objected to submission of this jury question on the ground there was no evidence of market value of the ring. For the reasons explained below, we agree there was no evidence to support the jury's finding.

## A. Standard of Review

When examining a legal-sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.2005). We credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Id.* at 827. There is "no evidence" or legally-insufficient evidence when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827.

## B. Conversion Damages

The only evidence Dykes offered to prove reasonable cash market value of the ring on May 15, 2006 in Harris County, Texas was his testimony that he purchased it for $26,000 in December 2004 from a jeweler in Houston. Dykes contends this testimony regarding purchase price established market value at the time of conversion and thus supported the jury's award of a lower amount. In contrast, Lee contends this testimony was not evidence of market value at the time of conversion.

Preliminarily, we note that, under Texas law, "fair market value" is defined as "the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity of buying." *Exxon Corp. v. Middleton*, 613 S.W.2d 240, 246 (Tex.1981); *Taiwan Shrimp Farm Village Ass'n v. U.S.A. Shrimp Farm Dev., Inc.*, 915 S.W.2d 61, 71 (Tex.App.-Corpus Christi 1996, writ denied) (applying similar definition in conversion case). In the present case, no legal definition of "reasonable cash market value" was submitted to the jury, and neither party cites any portion of the record showing an objection to lack of, or a request for, such a definition. Additionally, the jury was instructed, "[w]hen words are used in this charge in a sense

---

1. Lee does not challenge the equitable relief relative to the $110,000 expended by Dykes on the real property; she appeals only the award of monetary damages.

that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning." Therefore, we measure sufficiency of the evidence against the commonly-understood meaning of "reasonable cash market value." *See Osterberg v. Peca,* 12 S.W.3d 31, 55 (Tex.2000) (holding, when no objection is made to jury issue, sufficiency of evidence is measured against charge given by court rather than some other unidentified law).

■ Nonetheless, we conclude that the commonly-understood meaning of "reasonable cash market value" is similar to the legal definition of "fair market value"; i.e., the amount the owner could realize on the "market." Accordingly, cases addressing sufficiency of the evidence under the legal definition of "fair market value" are persuasive in this case. *See Kroger Co. v. Brown,* 267 S.W.3d 320, 322–23 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (citing cases considering sufficiency of evidence to support "disfigurement" finding under legal definition despite reviewing jury finding of "disfigurement" under commonly-understood meaning because legal definition and commonly-understood meaning were similar).[2]

Several courts, including the Texas Supreme Court, have indicated that, not only is purchase price generally inadmissible to prove subsequent market value, but it does not constitute evidence of market value even if admitted. In *Redman Homes, Inc. v. Ivy,* 901 S.W.2d 676, 679 (Tex.App.-El Paso 1995), *rev'd, in part, on other grounds by Redman Homes, Inc. v. Ivy,* 920 S.W.2d 664 (Tex.1996), the owners of a mobile home sued the manufacturer, alleging faulty wiring caused a fire which destroyed the home and its contents. The measure of damages for both the home and its contents was the difference in market value of the property immediately before and after the loss. *Id.* at 685. The defendant argued the evidence was legally and factually insufficient to support the jury's finding that the owners sustained property damage totaling $79,000. *See id.* at 685–86.

The only evidence offered to prove value of the home immediately before the fire was the owner's testimony that he purchased it for $43,000 ten months before the fire. *Id.* at 685. The court stated,

The historical cost of the home, however, has little bearing on its **market value immediately before the fire.** Indeed, purchase price is ordinarily not even admissible to show market value at a particular later time. . . . Competent evidence of the value of the mobile home will refer both to its market value, as defined above, and will reflect the proper temporal specificity.

*Id.* (citing *Rosenfield v. White,* 267 S.W.2d 596, 601 (Tex.Civ.App.-Dallas 1954, writ ref'd n.r.e.); *San Antonio Public Serv. Co. v. Murray,* 59 S.W.2d 851, 854 (Tex.Civ. App.-Beaumont 1933), *writ dism'd by* 127 Tex. 77, 90 S.W.2d 830 (1936)).[3]

Nevertheless, the jury was asked to assess aggregate damages for both the home and its contents in a single issue, and the owners presented testimony sufficient to

2. We note that courts use various terms such as "market value," "fair market value," and "cash market value," but these terms are synonymous. *See Panola County Appraisal Dist. v. Panola County Fresh Water Supply Dist. Number One,* 69 S.W.3d 278, 282 n. 2 (Tex. App.-Texarkana 2002, no pet.). Therefore, for

consistency, in the remainder of our discussion, we will refer to "market value" relative to both this case and other cases cited herein.

3. The court had previously set forth the same definition of "market value" that we have recited. *Redman Homes,* 901 S.W.2d at 685.

establish market value of the contents. *Id.* at 685–86 & n. 8. Thus, the evidence was legally sufficient to support the jury's finding that the owners sustained some damages. *Id.* at 686. The owners' failure to present evidence of damages to the home factored into the court's factual-sufficiency analysis. *See id.* at 686 & n. 8. The court held the evidence was factually insufficient to support the damages award of $79,000 because the contents were valued at only $46,605, but there was no competent evidence regarding market value of the home. *See id.*

When upholding the court of appeals's legal-sufficiency conclusion, the Texas Supreme Court stated, "[The defendant] argues, and the [owners] concede, that his statements about the cost of the home were not admissible to show its market value at the time of the loss." *Redman Homes*, 920 S.W.2d at 668 (citing *Rosenfield*, 267 S.W.2d at 601; *Murray*, 59 S.W.2d at 854).[4] We recognize the supreme court did not directly state that purchase price alone is legally insufficient to establish market value of property at a later date. *See id.* at 668–69. In fact, the court's above-cited quote was framed as though the case presented merely an issue on admission of evidence. *See id.* at 668. However, the court of appeals expressly noted that the defendant did not challenge admissibility of evidence regarding historical cost of the home, but instead the only issue presented was sufficiency of evidence to support the jury's assessment of damages. *See Redman Homes*, 901 S.W.2d at 685 n. 6. The supreme court implicitly recognized that the owners presented no evidence regarding market value of the home because the court explained it would be required to *render* judgment for the defendant, rather than remand, if it determined the owners presented no evidence regarding market value of the contents. *See Redman Homes*, 920 S.W.2d at 668–69.[5]

■ Accordingly, we construe *Redman Homes* as authority from the Texas Supreme Court that purchase price alone is legally insufficient to establish market value of property at a later date. *See id.; see also Dolenz v. Sorensen*, No. 05–95–00447-CV, 1996 WL 729923, at *7–8 (Tex.App.-Dallas Dec. 06, 1996, no writ.) (citing lower court's *Redman Homes* opinion when stating "[e]vidence of purchase price is not competent evidence of market value" and holding testimony regarding previous cost of boat did not constitute evidence of market value at time of trial); *Winkle Chevy–Olds–Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 n. 5 (Tex.App.-Corpus Christi 1992, writ dism'd) (noting, pre-*Redman Homes*, that "Texas law holds the price the injured party paid for chattel is not determinate of its fair market value for conversion purposes."); 15 Tex. Jur. 3rd Conversion § 69 (citing *Condon* and stating that generally measure of compensatory dam-

4.  Although the supreme court affirmed the court of appeals on all substantive issues, the supreme court reversed the court of appeals's judgment because it improperly remanded for a new trial on only damages instead of both liability and damages. *Redman Homes*, 920 S.W.2d at 669–70.

5.  We also note the supreme court framed the above-cited pertinent quote as merely reciting the defendant's argument, and the owners' concession, that purchase price is inadmissible to prove market value. *See Redman Homes*, 920 S.W.2d at 668. However, the court also cited authority supporting its statement, thus indicating it agreed with the point conceded. *See id.* More importantly, the court's explanation that there would be no evidence of damages if the evidence were insufficient to prove value of the contents demonstrated the court not only agreed with the concession but also deemed price insufficient to prove market value of the home. *See id.* at 668–69.

ages for conversion is fair market value of property at time of conversion and not "the price the plaintiff paid for the personalty").

In contrast, Dykes asserts that we "need only look at" *Burns v. Rochon*, 190 S.W.3d 263 (Tex.App.-Houston [1st Dist.] 2006, no pet.). In *Burns*, the court held that the owner's testimony regarding the price he previously paid for certain equipment was legally and factually sufficient to support the trial court's finding he sustained conversion damages in the same amount when the defendant did not object to the testimony or present controverting evidence of market value. *Id.* at 271.[6] Therefore, at first glance, *Burns* supports Dykes's position. *See id.* However, we disagree that the authority cited therein supports the court's holding. The court stated, "[i]n determining both fair market value and actual value, courts have considered the purchase price paid by an owner, particularly when evidence of the purchase price is neither objected to nor controverted." *Id.* at 270 (citing *Wutke v. Yolton*, 71 S.W.2d 549, 552 (Tex.Civ.App.-Beaumont 1934, writ ref'd); *Murray*, 59 S.W.2d at 854). In the cited cases, the courts indeed considered the purchase price but did not hold that price was alone sufficient to prove market value at a later date.

Specifically, the *Wutke* court concluded that evidence regarding the amount the plaintiff paid for certain furniture several years before the date of the conversion was admissible on the issue of actual value. 71 S.W.2d at 552. However, the court continued,

> When goods of this character are destroyed, a proper method of arriving at their value at the time of loss is to take into consideration the cost of the articles, the extent of their use, whether worn or out of date, their condition at the time, etc., and for them to determine what they were fairly worth. *The cost alone would not be the correct criterion for the present value,* but it would be difficult to estimate the value of such goods, except by reference to the former price *in connection with* wear, depreciation, change of style, and present condition.

*Id.* (emphasis added) (quoting *Wells, Fargo Express Co. v. Williams*, 71 S.W. 314, 315 (Tex.Civ.App.1902, no writ)).

In *Murray*, the defendant apparently argued that the trial court erred by permitting the plaintiff to testify regarding purchase price of his vehicle three-and-a-half years before the accident in which it was damaged. 59 S.W.2d at 854. The court of appeals stated, "The general rule is that 'testimony as to the cost of or price paid by the owner for real or personal property is not admissible on an issue as to its market value, especially when remote in point of time, or where it was purchased at another place.'" *Id.* (quoting 17 Tex. Jur. 442). However, the court held this "proposition cannot avail" the defendant because he did not object at trial on the ground the purchase was too remote in time or place and his objection that the testimony was immaterial and irrelevant lacked merit. *Id.*

The *Murray* court's holding is not exactly clear. Although the court recited the "general rule" that purchase price is inadmissible to prove market value, it seemed to suggest price may be admitted to establish market value if the opponent does not object on the ground the purchase was too

---

6. The court also mentioned that the owner presented testimony concerning revenues generated by the converted equipment. *Burns*, 190 S.W.3d at 271. However, the court then stated that evidence of purchase price was legally and factually sufficient to support the jury's assessment of damages. *Id.*

remote in time or place. *See id.*[7] Nevertheless, the *Murray* court addressed only an admission-of-evidence issue and not a legal-sufficiency challenge. *See id.* Further, although damages were awarded based on market value of the vehicle, the court did not specify whether any evidence in addition to purchase price was presented to establish market value. *See id.*[8]

Therefore, we respectfully disagree with the *Burns* court, as well as some other courts, citing *Murray* for the proposition that purchase price alone, if admitted without objection or uncontroverted, is legally sufficient to prove an item's market value at a later date. *See Burns,* 190 S.W.3d at 270 (citing *Murray,* 59 S.W.2d at 854); *see also Marley v. Wallace,* No. 12–01–00225–CV, 2002 WL 31761150, at *2–3 (Tex.App.-Tyler Dec. 11, 2002, no pet.) (not designated for publication) (citing *Murray* when stating purchase price may be related "tenuously" to market value at a later time, but when admitted without objection, it alone provides more than a scintilla of, and is the most probative, evidence of market value); *Blanken v. Krasoff,* No. 03–00–00541–CV, 2001 WL 838436, at *2–3 (Tex. App.-Austin July 26, 2001, no pet.) (not designated for publication) (same).

Additionally, we decline to follow these cases because their holdings are contrary to *Redman Homes.* In *Redman Homes,* by indicating the owners' testimony regarding purchase price was not evidence of subsequent market value of the home, despite no challenge to admission of the testimony and apparently no controverting evidence, the supreme court effectively negated the reasoning that purchase price is probative of market value if admitted without objection or uncontroverted. *See Redman Homes,* 920 S.W.2d at 668–69.

■ Moreover, we disagree with the suggestion in *Burns* and similar cases that evidence is necessarily legally-sufficient to support a certain element of a claim simply because it is admitted without objection or is uncontroverted. *See Burns,* 190 S.W.3d at 270; *Marley,* 2002 WL 31761150, at *2–3; *Blanken,* 2001 WL 838436, at *2–3. We recognize that inadmissible evidence does not necessarily lose its probative value if admitted without objection. *See, e.g.,* Tex.R. Evid. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay."). However, it does not follow that inadmissible evidence is necessarily probative if it is admitted without objection or is uncontroverted. *See Porras v. Craig,* 675 S.W.2d 503, 505 (Tex.1984) ("Irrelevant evidence, even when admitted without objection, will not support a judgment.").

Even if we did not construe *Redman Homes* as Texas Supreme Court authority for the proposition that purchase price is alone legally insufficient to prove market value at a later date, we would nevertheless follow the courts of appeals, including

---

7. However, some courts have cited *Murray* as authority that purchase price is generally inadmissible to establish market value without any qualification based on whether the purchase was remote in time or place to the operative date for establishing market value. *See, e.g., Redman Homes,* 920 S.W.2d at 668; *Taiwan Shrimp Farm Village Ass'n,* 915 S.W.2d at 71.

8. The court of appeals's opinion is not clear regarding the reason it concluded that evidence of purchase price was material and relevant because it did not mention the basis on which the plaintiff proved damages relative to the vehicle. *See Murray,* 59 S.W.2d at 851–54. However, the Texas Supreme Court's opinion dismissing the defendant's writ of error reflects that the jury was asked to determine "reasonable market value" of the vehicle before and after the collision. *Murray,* 90 S.W.2d at 831.

the lower *Redman Homes* court, which have reached this conclusion. *See Redman Homes*, 901 S.W.2d at 685–86; *Dolenz*, 1996 WL 729923, at *7–8; *Condon*, 830 S.W.2d at 745 n. 5. Quite simply, it is not axiomatic that a plaintiff can sell property for the same amount at which he purchased it. Consequently, we reject Dykes's argument that he proved the market value of the ring on the date of conversion was $26,000 and thus we may uphold the jury's award of any amount equal to or less than $26,000.

Moreover, we acknowledge that the jury did not decide the purchase price represented the market value at the time of conversion because it awarded $13,000 rather than $26,000. However, assuming that $26,000 even represented market value at the time of purchase, there was no evidence regarding the dollar amount attributed to any depreciation between the purchase and the date of conversion. We recognize that the ring may not have depreciated by half its market value, or may have even appreciated in market value, during this period. However, we also cannot foreclose the possibility the ring depreciated by even more than $13,000 during this period. Consequently, the jury's finding that market value of the ring one-and-a-half years after purchase was half the price was an assumption unsupported by any evidence.

■■■■■ Finally, the *Burns* court also cited, and Dykes reiterates, the "well-settled" general rule that a property owner may opine regarding the value of his own property. *Burns*, 190 S.W.3d at 270–71; *see Porras*, 675 S.W.2d at 504. However, this rule is inapplicable here because Dykes did not testify regarding the value of the ring. Rather, he testified regarding only purchase price which, for the reasons we have discussed, was legally insufficient to establish market value at the time of conversion. *See Dolenz*, 1996 WL 729923, at *7–8 (reciting rule that owner can testify regarding market value of property while also recognizing purchase price is not evidence of market value). Accordingly, we sustain Lee's second issue, and we need not consider her third issue, challenging factual sufficiency of the evidence to support the conversion damages.

We reverse the portion of the $123,000 monetary judgment that consists of $13,000 for conversion damages and render judgment that Dykes take nothing on his conversion claim. We affirm the remainder of the judgment.