Opinion issued June 17, 2010



 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00581-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



VIRGIE MONTGOMERY, Appellant

 

V.

 

FORD MOTOR CREDIT COMPANY, Appellee

 

 



On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2008-73671

 

 



MEMORANDUM OPINION

          Appellant,
Virgie Montgomery, challenges the trial court’s rendition of summary judgment in
favor of appellee, Ford Motor Credit Company (“Ford Credit”), in her suit against
Ford Credit for “unconscionable conduct,” breach of contract, deceptive trade
practices,[1]
and conversion.  In two issues, Montgomery
contends that the trial court erred in calculating the date of the accrual of
her claims and concluding that her claims were barred by limitations.  

We affirm.

Background

          In
2002, Montgomery and her husband purchased a new car, which they financed through
Ford Credit for a period of sixty months. 
In the retail installment contract, Montgomery agreed to “buy the
vehicle on credit under the agreements on the front and back of this contract”
and to pay monthly to Ford Credit the installment amount and finance charge beginning
March 28, 2002.  The agreement gave Ford
Credit a security interest in the car and the right to “require payment of [Montgomery’s]
debt in full before the scheduled date.” 
The Application for Texas Certificate of Title and the title listed Ford
Credit as the first lien holder.

After making fifty-two payments,
Montgomery missed the July and August 2006 payments.  On September 8, 2006, Ford Credit sent
Montgomery a notice of default and intent to repossess in which it explained
what she was required to do by September 18, 2006, to cure the default.  Montgomery submitted one payment on or about
September 18 that was credited to her account on September 22.  Three days later, on September 25, 2006, Ford
Credit repossessed Montgomery’s car.

Montgomery called Ford Credit to
discuss the repossession.  After seeing that
the payment had been credited on September 22, Ford Credit offered Montgomery an
opportunity to redeem her car.  Montgomery
asked for, and Ford Credit granted, permission for her, prior to reclaiming the
car, to inspect it for damage caused during the repossession.  Without another car, Montgomery could not
immediately go to where the car was stored and inspect it.  By the time that she had made it to the lot
where the car had been stored, she was told that it had been removed for
sale.  Montgomery made no further
inquiries to Ford Credit and no more payments on the loan.  

With Montgomery in default on the
August and September 2006 payments, Ford Credit, on October 13, 2006, sent to
Montgomery a second notice of default and intent to repossess.  On October 27, 2006, after Montgomery had not
cured the default, Ford Credit sent to her a notice of its intent to sell the
car at a private sale.  Ford Credit then sold
Montgomery’s car in November 2006, and, on December 14, 2006, sent her notice
of the sale and the amount still owing under the note. 

On December 12, 2008, Montgomery
filed suit against Ford Credit alleging that the repossession of her car
constituted “a breach of the cure provisions of the retail installment loan
contract.”  She further alleged that “after
she had made interest and principal payments under the contract for over four
and one-half years[, the repossession] constitute[d] a predatory lending
practice and represent[ed] an extreme indifference to [her] rights and welfare”;
the “acts and omissions complained of constitute[d] an unconscionable course of
dealing” and “represent[ed] false, misleading or deceptive acts or practices”;
and the repossession, sale, and transfer of her car constituted a wrongful
conversion.

Ford Credit generally denied
Montgomery’s claims, and it asserted a counterclaim against her for the amount
of money owed on the car and its attorney’s fees.  Ford Credit subsequently filed its summary
judgment motion, in which it asserted that Montgomery’s DTPA and conversion
claims were barred by limitations; Ford Credit had a contractual right to
repossess the car; and Montgomery first breached the terms of the retail installment
contract by failing to timely pay and to cure the default, thus relieving Ford
Credit of any further duty to perform.

In her response, Montgomery asserted
that a genuine issue of material fact existed as to whether her DTPA claims
accrued on September 25, 2006, when her car was repossessed, or on December 14,
2006, when she received notice of the sale of her car.  She asserted that the “deceptive and unlawful
conduct [of Ford Credit] . . . consisted of the wrongful seizure of the
vehicle, the failure to return the vehicle to [her], and the eventual sale of
the vehicle,” creating a “continuing trespass,” and she did not “discover her loss until after December
14, 2006.”  Montgomery further asserted
that Ford Credit’s “mistaken[]” repossession of the car constituted “wrongful
assumption of dominion” of the car and that her being only “one month” in
arrears created a genuine issue of material fact as to whether or not she had
materially breached the contract.

The trial court granted Ford Credit’s
motion, concluding that Montgomery’s “breach of contract [claim] fails as a
matter of law because [Ford Credit] was within its contractual rights to
repossess” the car; the limitations period for her DTPA claims began running on
September 25, 2006, when Ford Credit repossessed the car; and her “causes of action
for DTPA violations and [c]onversion are barred by the relevant statutes of
limitations.”

Standard of Review

          To
prevail on a summary judgment motion, a movant has the burden of proving that
it is entitled to judgment as a matter of law and that there is no genuine
issue of material fact.  Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995).  When a defendant moves for
summary judgment, it must either (1) disprove at least one essential element of
the plaintiff’s cause of action or (2) plead and conclusively establish each
essential element of its affirmative defense, thereby defeating the plaintiff’s
cause of action.  Cathey, 900 S.W.2d at 341; Yazdchi
v. Bank One, Tex., N.A., 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.]
2005, pet. denied).  When deciding
whether there is a disputed, material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  Every reasonable inference must be indulged in
favor of the non-movant and any doubts must be resolved in her favor.  Id.
at 549.

DTPA and Conversion Claims

In her first issue, Montgomery argues
that her DTPA and conversion claims are not time-barred because they did not
accrue “until after she received notice of the sale of her automobile.” 

Montgomery’s DTPA and conversion claims
are governed by the two-year statute of limitations.  Tex.
Bus. & Com. Code Ann. § 17.565 (Vernon 2002); Tex. Civ. Prac. & Rem. Code Ann. §
16.003(a) (Vernon Supp. 2009).  When the parties
do not dispute the facts, the question of when a cause of action accrued is a
question of law.  Houston Livestock Show & Rodeo, Inc. v. Hamrick, 125 S.W.3d
555, 570 (Tex. App.—Austin 2003, no pet.); see
Moreno v. Sterling Drug, Inc., 787
S.W.2d 348, 351 (Tex. 1990).  A plaintiff
need not know the full extent of her injury before limitations begin to run.  Murphy
v. Campbell, 964 S.W.2d 265, 273 (Tex. 1997); J.M. Krupar Constr. Co. v. Rosenberg, 95 S.W.3d 322, 329 (Tex.
App.—Houston [1st Dist.] 2002, no pet.).

DTPA

A DTPA cause of action accrues on “the
date on which the false, misleading, or deceptive act or practice occurred or within two years after the
consumer discovered or in the exercise of reasonable diligence should have
discovered the occurrence of the false, misleading, or deceptive act or practice.”  Tex.
Bus. & Com. Code Ann. § 17.565 (Vernon 2002) (emphasis added).  

Montgomery asserted in her summary
judgment response that the deceptive acts of Ford Credit consisted of the
“wrongful seizure,” “failure to return,” and “eventual sale” of her car.  The date that Ford Credit’s deceptive act
occurred was September 25, 2006, when it repossessed Montgomery’s car.  The “failure to return” and the sale of the
car were not a continuing breach for purposes of limitations because the “date
a consumer suffers damages” is not the accrual date for DTPA causes of action.  See Holmes v. P.K. Pipe & Tubing, Inc., 856
S.W.2d 530, 537 (Tex. App.—Houston [1st Dist.] 1993, no writ). (“The statute does not provide that
the limitations period begins to run when the consumer incurs, or learns that
it will incur, damages as a result of the [offending conduct].”).  It is undisputed that Montgomery was behind on
her payments, and Ford Credit’s September 8, 2006 notice of default and intent
to repossess informed her that if she did not cure the default, Ford Credit would
repossess her car and then sell it. 
Thus, Montgomery was aware on September 25, 2006, of what injury she
could suffer as a result of Ford Credit’s repossession of her car.  That Montgomery’s injury was not complete
until Ford Credit sold her car is immaterial; the limitations period began to
run on September 25, 2006, when the alleged deceptive act of Ford Credit
occurred.  See Murphy, 964 S.W.2d at 273.  Accordingly, we hold that the trial court did
not err in concluding that the limitations period for Montgomery’s DTPA claims
began to run on September 25, 2006, and her DTPA claims, filed more than two
years after that date, were time-barred.

Conversion

Generally, the limitations period for
a conversion claim begins to run at the time of the unlawful taking.  Autry
v. Dearman, 933 S.W.2d 182, 193 (Tex. App.—Houston [14th Dist.] 1996, writ
denied); Pierson v. GFH Fin. Servs. Corp.,
829 S.W.2d 311, 314 (Tex. App.—Austin 1992, no writ).  To establish a claim for conversion, a
plaintiff must prove that (1) she owned or had possession of the property or
entitlement to possession; (2) the defendant unlawfully and without
authorization assumed and exercised control over the property to the exclusion
of, or inconsistent with, her rights as an owner; (3) she demanded return of
the property; and (4) the defendant refused to return the property.  Burns
v. Rochon, 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

In her Original Petition, Montgomery
alleged that “[a]t the time [Ford Credit] hauled away [her] automobile, [she]
owned and had legal rights to the possession of her automobile.”  In her response to Ford Credit’s summary
judgment motion, Montgomery asserted that Ford Credit’s “seizure of the vehicle
was an act against the possessory rights of plaintiff.”  Ford Credit’s exercise of dominion or control
over Montgomery’s car was inconsistent with her rights as owner when it
repossessed her car on September 25, 2006. 
Because Montgomery asserted her conversion claim more than two years
after this date, we hold that the trial court did not err in concluding that
Montgomery’s conversion claim was time-barred.

We overrule Montgomery’s first issue.

Unconscionable Conduct Claim

In her second issue, Montgomery
argues that the trial court erred in concluding that her “‘unconscionable
conduct’ breach of contract” claim was barred under the DTPA statute of
limitations because her claim was based in contract unconscionability, not DTPA
unconscionability.  

Montgomery asserts that her
unconscionability claim is one of a “garden variety unconscionable act [that
is] a long-tenured feature of basic contract law,” not a DTPA claim, and, thus,
is subject to the four-year contract statute of limitations.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon
2008).  The Texas Business and Commerce
Code provides, “If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable
at the time it was made the court may refuse to enforce the contract . . .
.”  Tex.
Bus. & Com. Code Ann. § 2.302 (Vernon 2009) (emphasis added).  Whereas,
unconscionability under the DTPA encompasses “an act or practice which, to a consumer’s detriment, takes advantage
of the lack of knowledge, ability, experience, or capacity of the consumer to a
grossly unfair degree.”  Id.
§ 17.45(5) (Vernon Supp. 2009) (emphasis added); Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667, 677 (Tex. 1998).  Montgomery does not assert that the retail
installment contract itself was unconscionable or contained unconscionable
provisions.  She asserts that Ford Credit
breached the contract by its “unconscionable” acts of repossession, failure to return, and sale of her car after
she had made fifty-two of fifty-nine payments and was only one month in
arrears.  Additionally, in her Original
Petition and her response to Ford Credit’s summary judgment motion, Montgomery
argued unconscionability within the context of her DTPA claim.  Accordingly, we hold that the trial court did
not err in concluding that Montgomery’s unconscionability claim was a DTPA
cause of action and was barred by the two-year statute of limitations. 

We overrule Montgomery’s second
issue.




 

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.











[1]           See Tex.
Bus. & Com. Code Ann. §§ 17.46,
17.50(a)(3) (Vernon Supp. 2009) (Deceptive Trade Practices Act (“DTPA”)).