# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00524-CV

---

**Gentle Touch Dentistry and Vida Tahmoresi, Appellants**

**v.**

**Diana Lynn Wolbrueck, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
### NO. 89,169, THE HONORABLE JEANNE PARKER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Gentle Touch Dentistry and Vida Tahmoresi (collectively, "Gentle Touch Dentistry") appeal from the county court's judgment affirming the trial court's order denying their motion to dismiss under the Texas Medical Liability Act (TMLA). *See generally* Tex. Civ. Prac. & Rem. Code §§ 74.001–.507. The only issue on appeal is whether Diana Wolbrueck, the plaintiff below, asserted a health care liability claim when she alleged that a dental hygienist broke her retainer during a teeth-cleaning procedure at Gentle Touch Dentistry. Based on our holding that Wolbrueck failed to rebut the presumption that her claim is a health care liability claim for which a medical expert report was required, Wolbrueck's suit is subject to mandatory dismissal for failure to file an expert report. We therefore reverse the county court's judgment and render judgment dismissing Wolbrueck's suit with prejudice.

## Background

Wolbrueck sued Gentle Touch Dentistry in justice court for damage allegedly done to her retainer during a teeth-cleaning procedure at Gentle Touch Dentistry. According to Wolbrueck's petition:

> I went to get my teeth cleaned and the hyg[i]enist broke my retainer wire in two places, with the scrap[]ing tool. I felt something sticking my tongue. She said I'll push it down and just go to your orthodon[t]ist and have them glue it back. I made an appointment for the following day. They had to replace the wires. My insurance paid teeth cleaning cost me $180.00. I took the invoice to the den[t]ist office and asked to be re[i]mbursed. I received a call from the den[t]ist and she said they wouldn't pay.

She asked for $180 in damages, plus $500 for pain and suffering and $116 in court costs. The original petition to the justice court is the only pleading filed by Wolbrueck in the record.

In its answer, Gentle Touch Dentistry generally denied Wolbrueck's allegations and asserted that her claim was a health care liability claim under the TMLA. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(13) (defining "health care liability claim"). Wolbrueck did not respond to Gentle Touch Dentistry's assertion or otherwise serve it with a medical expert report. After the expiration of 120 days from the filing of its answer, Gentle Touch Dentistry moved to dismiss Wolbrueck's suit with prejudice. *See id.* §§ 74.351(a) (requiring claimant in "health care liability claim" to serve defendant with expert report no later than 120 days after the date of defendant's original answer), .351(b)(2) (providing that, if claimant does not serve report within specified period, the trial court must, on the defendant's motion, dismiss the claim with prejudice). Gentle Touch Dentistry stated in its motion that it did not seek attorney fees and courts costs under the TMLA. *See id.* § 74.351(b)(2) (providing that, if claimant does not serve report within specified period, the trial court must, on the defendant's motion, award the

defendant reasonable attorney fees).  Wolbrueck did not file a response to Gentle Touch Dentistry's motion to dismiss.

The justice court denied the motion to dismiss, and Gentle Touch Dentistry filed an interlocutory appeal to the county court.  *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(9) (allowing for interlocutory appeal from order denying TMLA motion to dismiss); Tex. Gov. Code § 26.042(e) (granting county court appellate jurisdiction over justice-court civil cases where the amount in controversy exceeds $250).  Wolbrueck did not file a response to Gentle Touch Dentistry's appeal to the county court.  The county court affirmed the trial court's order on the grounds that Wolbrueck's claim was not a health care liability claim.  This appeal ensued.[1]

## Analysis

On appeal, Gentle Touch Dentistry argues that the trial court erred in denying its motion to dismiss because Wolbrueck has asserted a health care liability claim and did not serve it with an expert report as required by the TMLA.  Wolbrueck has not filed an appellee's brief in this Court.[2]

---

[1]  While this appeal was pending, Wolbrueck nonsuited her claim without prejudice. However, the filing of a nonsuit does not extinguish a defendant's motion for dismissal with prejudice.  *See Crites v. Collins*, 284 S.W.3d 839, 843 (Tex. 2009) (holding that TMLA motion to dismiss with prejudice and for sanctions survives nonsuit regardless of whether movant brings motion before or after nonsuit) (citing *Villafani v. Trejo*, 251 S.W.3d 466 , 470–71 (Tex. 2008)); *Villifani*, 251 S.W.3d at 470–71 (explaining that allowing defendants to seek dismissal with prejudice deters meritless suits and removing option to appeal "after a nonsuit frustrates this purpose; a claimant could simply nonsuit a meritless claim and later re-file the claim with impunity").

[2]  When an appellee fails to file a brief, the appellate court should conduct an independent analysis of the merits of the appellant's claim of error, limited to the arguments raised by the appellant, to determine if there was error.  *Burns v. Rochon*, 190 S.W.3d 263, 267 n. 1 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Spencer v. Gilbert*, No. 03-09-00207-CV,

3

Whether Wolbrueck's claim is a health care liability claim is a question of law that we review de novo. *Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). In determining whether Wolbrueck's claim is a health care liability claim, we consider the entire record, including the pleadings, motions and responses, and relevant evidence properly admitted. *Loaisiga v. Cerda*, 379 S.W.3d, 248, 258 (Tex. 2012).

The TMLA defines a health care liability claim as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13). In *Loaisiga*, the Texas Supreme Court held that the TMLA creates a rebuttable presumption that a claim is a health care liability claim if it: (1) is against a physician or health care provider and (2) "is based on facts implicating the defendant's conduct during the patient's care, treatment, or confinement." 379 S.W.3d at 252.

In her claim against Gentle Touch Dentistry, Wolbrueck alleges that a hygienist broke her retainer during a teeth-cleaning procedure. Dentists and their employees are "health care providers" under the TMLA. *See* Tex. Civ. Prac. & Rem. Code § 74.001(12)(A)(ii), (B)(ii) (defining "health care provider" to include dentists and their employees acting in the course and scope of the employment or contractual relationship). The Texas Dental Practice Act requires that dental hygienists be licensed to perform teeth-cleaning procedures. *See* Tex. Occ. Code

---

2010 WL 3064346, at *2 n.2 (Tex. App.—Austin Aug. 4, 2010, pet. dism'd w.o.j.) (noting that "appellee's outright failure to file a brief has no consequence set by rule except that failure to controvert a statement of fact will lead to the statement of fact being taken as true") (citing Tex. R. Civ. P. 38.1(g)).

§§ 256.052 (requiring license to practice dental hygiene), 262.002(a) (practicing dental hygiene includes removing "accumulated matter, tartar, deposits, accretions, or stains" from teeth and polishing teeth); *see also* 22 Tex. Admin. Code § 115.2(a) (State Board of Dental Examiners, Extension of Duties of Auxiliary Personnel—Dental Hygiene) (authorizing licensed dental hygienist to clean teeth). Thus, assuming her allegations are true, Wolbrueck's claim is based on facts implicating Gentle Touch Dentistry's conduct during a patient's care and treatment. As such, Wolbrueck's claim against Gentle Touch Dentistry is presumed to be a health care liability claim. *See Loaisiga*, 379 S.W.3d at 252; *Bueno v. Hernandez*, 454 S.W.3d 178, 185 (Tex. App.—San Antonio 2014, pet. denied) (applying presumption to assault claim where assault occurred while she was receiving treatment at emergency room).

The *Loaisiga* presumption is rebuttable because sometimes "the only possible relationship between the conduct underlying a claim and the rendition of medical services or healthcare [is] the healthcare setting (i.e., the physical location of the conduct in a health care facility), the defendant's status as a doctor or health care provider, or both." 379 S.W.3d at 256. But Wolbrueck did not rebut the *Loaisiga* presumption—she did not respond to Gentle Touch Dentistry's motion to dismiss or, in fact, file or offer anything to the courts below. *See Milton v. Nguyen*, No. 14-16-00883-CV, 2017 WL 4017872, at *3 (Tex. App.—Houston [14th Dist.] Sep. 12, 2017, no pet.) (mem. op.) (noting that plaintiff has burden of rebutting *Loaisiga* presumption). "In the absence of evidence to the contrary, a rebuttable presumption has the force of a rule of law." *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). Accordingly, we hold that Wolbrueck failed to rebut the presumption that her claim is a health care liability claim that is subject to section 74.351(a)'s expert-report requirements and, as a result, it was error for

the trial court to deny Gentle Touch Dentistry's motion to dismiss her claim for failure to timely serve an expert report. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b)(2).

## Conclusion

Because Wolbrueck's claim is presumptively a health care liability claim under the TMLA and because she did not serve an expert report within the required timeline, her claim must be dismissed. *See id.* Accordingly, we reverse the county court's judgment and render judgment dismissing Wolbrueck's suit with prejudice. Because Gentle Touch Dentistry stated in its motion to dismiss that it does not seek attorney fees or costs under the TMLA, there is no basis for remand. *See id.* § 74.351(b)(1) (requiring award of attorney fees and costs "on the motion" of health care provider).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Reversed and Rendered

Filed: April 17, 2020

6